### EX PARTE LYNCHARD.

No. 2646.   Decided June 27, 1913.

**Rape—Bail—Penalty—Incest.**

Where, upon habeas-corpus, relator was charged with rape and denied bail, it appeared from the evidence that he might have been indicted for incest upon the same transaction which would have been bailable, it is proper that bail should not be denied, no force having been used.

Appeal from the District Court of Henderson. Tried below before the Hon. J. S. Prince.

Appeal from a habeas corpus trial denying bail on the charge of rape. The opinion states the case.

*J. J. Bishop* and *Miller & Miller* and *Frank Faulk* and *W. L. Faulk,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted charged with rape on his thirteen-year-old daughter, Nevada Lynchard. He was tried prior to the suing out of this writ of habeas corpus (as shown by the record), resulting in a "hung jury" or mistrial. The evidence adduced on that trial is incorporated in the record as a statement of the facts. Without a discussion of the facts, we would call attention to the fact that appel-

lant could have been prosecuted for either one of two offenses,—incest or rape. Had the State elected to prosecute for incest, the highest penalty authorized by law to be inflicted would have been ten years in the penitentiary. However, the State, as it had a right to do, the girl being under fifteen years of age, elected to prosecute for statutory rape, and it is provided that this offense may be punished by the infliction of the death penalty. The record in this case does not disclose any force was used, and under the circumstances and the evidence before us, we think the court erred in refusing appellant bail. It is not proper for us to discuss the testimony, but the judgment is reversed and bail granted in the sum of $5000.

Reversed and bail granted.                          *Bail granted.*