## Ex Parte Bass Mullins.

### No. 9058. Decided October 22, 1924.

#### No motion for rehearing filed.

**Habeas Corpus—Refusal of Bail—Proof not Evident.**

To warrant a refusal of bail, proof of a capital offense, must be evident. Under the evidence as shown in this case bail should have been granted.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from an order of the District Judge refusing him bail.

Charged by indictment with rape by force.

98 T. C.—15.

No brief for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Relator was charged by indictment of rape by force and appeals from an order of the district judge refusing to grant him bail.

The prosecutrix, the relator and a number of other witnesses testified.

A recital of the facts is not deemed desirable. A careful reading of them leads us to the conclusion that proof of a capital offense is not evident. The prosecutrix affirms and the relator denies the commission of the offense. The testimony of the prosecutrix is in conflict with that of other witnesses upon collateral matters. The report of the alleged offense or outcry was delayed. There is in evidence the admission of the prosecutrix that after the alleged offense she rode in a car with the appellant and consented to be his paramour. This she explains upon the ground of fear of him.

Considering the record in its entirety, we are impressed with the view that the facts do not reveal a case in which the jury, in the discharge of their duty, would properly assess the death penalty.

The State's Attorney concedes that bail should be granted.

The judgment denying bail is reversed and bail allowed in the sum of $7,500.

*Reversed.*