## EX PARTE J. C. HILL.

No. 10929. Delivered April 17, 1927.

**Habeas Corpus—On Denial of Bail—Evidence Not Sufficient.**

Where appellant, indicted for rape, upon his 15-year-old daughter, was denied bail, and the only evidence presented on the hearing was that of prosecutrix, who was shown to have denied to numerous persons the acts of intercourse, we are not impressed that the evidence supports the judgment remanding appellant without bail, and the judgment is reversed and bail is granted him in the sum of $5,000.

Appeal from the District Court of Crosby County. Tried below before the Hon. Homer L. Pharr, Judge.

Appeal from an order remanding relator without bail on an indictment charging rape, reversed and bail granted in the sum of $5,000.

*L. A. Wicks* of Rawls, and *Bledsoe & Crenshaw* of Lubbock, for relator.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator was indicted for rape upon his 15-year-old daughter. Upon habeas corpus hearing for bail no criminative evidence was introduced by the state save that of prosecutrix. Bail being denied, relator appeals.

Prosecutrix claims that appellant had been having intercourse with her since she was nine years old, and that the last act occurred on the 12th of February, 1927; that she left home about a week later and went to a married brother's, who was living at Breckenridge, some 300 miles from where relator and prosecutrix lived. This brother was 26 years of age. Prosecutrix admits that while there she complained to this brother of her father's conduct, but denied to him that relator had ever had intercourse with her. The brother and his wife brought her home and in the presence of relator and the brother and wife she again denied that relator ever had intercourse with her. She also admits that she had told a number of other people that relator had never had improper relations with her. We think it unnecessary to set out in detail or discuss the evidence. From the entire record and the contradictory and impeaching admissions of prosecutrix we are not impressed that the evidence supports the judgment remanding appellant without bail. Ruston v. State, 15 Tex. Crim. Rep. 324, Ex Parte Lynchard, 158 S. W. 520; Ex Parte Mullins, 92 Tex. Crim. Rep. 225, 265 S. W. 580; Ex Parte Taylor, 98 Tex. Crim. Rep. 415, 266 S. W. 418.

The judgment denying bail is reversed and bail granted in the sum of $5,000.

*Reversed and bail granted.*