171 So. 292

## PITTMAN v. STATE.
### 4 Div. 322.

Court of Appeals of Alabama.
Dec. 8, 1936.

Cope & Cope and T. S. Frazer, all of Union Springs, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

Petitioner, being confined in the county jail upon a charge of rape, presented to the Honorable J. S. Williams, presiding judge of the Bullock circuit court, his petition for writ of habeas corpus seeking bail. The trial judge denied the relief sought, and in so doing entered the following order: "On consideration the Court is of the opinion that under the testimony it is without discretion and that the defendant is not entitled to bail and it is now, therefore, ordered, adjudged and decreed that the application for bail be and the same is hereby overruled and denied."

From the foregoing order and judgment of the court, an appeal was taken to this court.

Upon examination of the transcript we find that a strict compliance of the provision of the statute, section 3238, Code 1923, has been had, and that the questions involved are properly presented for our consideration.

In this proceeding we deem it unnecessary to restate the rule so often announced as being applicable and controlling in questions of this character. Nor would it be proper to set out in detail the evidence upon which the case is rested. Nor will there be comment upon said evidence except to say that, after a careful and attentive consideration thereof, we are of the opinion that the trial judge arrived at the wrong conclusion and that the petitioner is, under said conflicting evidence, entitled to bail in a reasonable sum commensurate with his condition in life and his ability to make bond. The trial judge was in error in his position that he was without discretion in the premises. The law vested him with such discretion, and under the evidence adduced upon the hearing of this matter in the court below, coupled with other facts and circumstances disclosed by the record, which discloses that a mistrial was had by the jury who tried this case after the jury had deliberated thereon for about four days, the order denying petitioner's prayer and not allowing him bail was erroneous. Said order and judgment of the lower court is reversed, with instructions to the presiding judge of the court below to enter order admitting petitioner to bail in such reasonable sum as his condition in life and ability to make bond may warrant.

Reversed and remanded, with instructions.