STATE *ex rel.* HOLLOWAY *v.* JOYNER, SHERIFF.*

(*Nashville*, December Term, 1937.)

Opinion filed June 6, 1938.

A. B. GALLOWAY and JIM C. GALLOWAY, of Memphis, for petitioner.

---

*This case reprinted and annotated in 118 A. L. R., 1113.

HARRY PHILLIPS, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Joseph Rudolph Holloway was indicted for rape by the grand jury of Shelby County. When application for bail was refused, a petition for a writ of *habeas corpus* was filed in the probate court against the sheriff of Shelby County, charging that the proof of defendant's guilt was not evident or the presumption great, and praying that he be granted a reasonable bail for his appearance to answer said indictment.

The sheriff demurred to the petition upon the following grounds:

"(1) The petition for the writ of *habeas corpus* shows upon its face that as a matter of law the prisoner is not entitled to bail.

"(2) The said petition shows upon its face that Joseph Rudolph Holloway has heretofore been indicted by the grand jury of Shelby County, Tennessee, on the charge of rape; that rape is an offense of one grade only and is a capital offense in the discretion of the jury and, therefore, said prisoner is not entitled to bail as a matter of law.

"(3) The petition for writ of *habeas corpus* shows upon its face that this honorable court is without jurisdiction to hear the testimony of witnesses to determine whether or not the proof is evident or the presumption great in order to decide whether or not the offense is bailable as indictment having already been returned by the grand jury."

The court sustained the demurrer and denied the petition. The case is now before this court on petition for *certiorari* to review the judgment of the trial court.

Section 15, Article 1, of the Constitution of Tennessee, provides, in part, as follows:

"That all prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident or the presumption great."

Section 11651 of the Code of Tennessee is in substantially the same language as the constitutional provision above quoted.

The punishment upon conviction for rape is fixed by section 10781 of the Code, as follows:

"Whoever is convicted of the rape of any female shall suffer death by electrocution; provided, the jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment for the offense to imprisonment in the penitentiary for life, or for a period of not less than ten years."

The trial judge was of the opinion, as appears from the decree of the court, that rape is a crime without degrees like homicide, and the fact of the grand jury having indicted defendant creates proof evident and presumption great to the extent that he should be denied bail, and the court was without jurisdiction to hear proof, in view of the indictment, to determine whether or not the proof is evident, or the presumption great, to the extent of allowing bail.

■■ We think the learned trial judge was in error in sustaining the demurrer and dismissing the petition for *habeas corpus*. Under Section 15, Article 1, of the Constitution, all persons are bailable, unless for capital offenses, when the proof is evident, or the presumption

great. This must be construed as meaning all capital offenses of whatever nature. The constitutional provision referred to does not except the crime of rape from its operation, and the courts are without the right or power to read such an exception into it.

Under constitutional provisions of other states, substantially the same as Section 15, Article 1, of the Constitution of this State, the right of the accused in a rape case to bail, upon sufficient showing by him that the proof was not evident, or the presumption great, has been recognized. *Ex parte McAnally,* 53 Ala., 495, 25 Am. Rep. 646; *Pittman* v. *State,* 27 Ala. App., 285, 171 So. 292; *Russell* v. *State,* 71 Fla., 236, 71 So. 27; *Ex parte Wisener,* 132 Tex. Cr. R., 253, 103 S. W. (2d), 975; *Ex parte Mullins,* 98 Tex. Cr. R., 225, 265 S. W., 580; *Ex parte King,* 127 Tex. Cr. R., 197, 75 S. W. (2d), 443.

Our conclusion is that the decree of the trial judge must be reversed and the case remanded for a hearing upon the facts.