# Britton *v.* The State.

*Indictment against Tax- Collector for Embezzlement.*

1. *Averment as to amount embezzled.*—An indictment against a tax-collector for the embezzlement of public funds, in failing to make returns and forward the tax-money in his hands, from time to time, to the proper authorities, as provided by law (Code, § 4266), must allege some particular sum, or amount, as to which the offense is charged; but it is sufficient to allege that it is "about" a named sum, and it is not necessary to prove the precise sum specified.

2. *Embezzlement by tax-collector ; statutory provisions construed as to elements of offense.*—The failure "to make returns and forward the tax-money in his hands, from time to time, to the proper authorities, as provided by law," as these words are used in the statute (Code, § 4266), "comprises the duty of making monthly reports of collections, and monthly payments of taxes collected, both State and county, in the manner, and at the times specified in sections 417–18;" and this is made a felony, without regard to the amount of default, although the failure to make a final settlement, on or before the first day of May in each year, is only a misdemeanor under section 4265.

3. *Averment of collection, or possession; liability for act of agent.*—To be sufficient as a charge of felony, the indictment must allege, also, that the money was "at the time" in the hands of the tax-collector; since, if collected by a deputy, though the principal might be liable civilly, he would not be liable criminally, unless the money came to his actual possession.

4. *Averment negativing "good cause" or excuse.*—The existence of any good cause or excuse for the alleged failure or default is defensive matter only, and it is not necessary that the indictment shall negative it by averment.

5. *"Abstract-book," and " stub-book ; " admissibility as evidence.*—The "abstract-book" of property and polls assessed, which the probate judge is required to make and file with the tax-collector (Code, § 434), is admissible evidence against the collector, when properly identified; and the "stub-book," required to be kept by the collector himself (Code, § 410), is also competent evidence against him, as an admission of a most solemn character.

6. *Judgment in civil suit ; admissibility as evidence in criminal prosecution.*—A judgment recovered against a defaulting tax-collector and his sureties, in a civil action at the suit of the county, is not competent evidence against him in a subseqnent criminal prosecution for the default.

FROM the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The indictment in this case contained six counts, each of which charged the defendant, William G. Britton, as tax-

[Britton v. The State.]

collector of Hale county, with defaults in his official capacity. The first count charged, that he "did collect money for the county taxes due to said county, and did fail to make returns of said tax-money as collected, and forward the said tax-money to S. W. Chadwick, the treasurer of said county, as provided by law;" the second, that he "did collect money for the taxes due to said county, and did fail to make a return of said money so collected, to S. W. Chadwick, the treasurer of said county, and did fail to forward the said taxes in his hands, to S. W. Chadwick, the treasurer of said county;" the third, that he "did fail to make a written report under oath to S. W. Chadwick, the treasurer of said county, setting forth the amount of money collected by him for the State and county taxes, and did fail to pay to S. W. Chadwick, the treasurer of said county, all the taxes due to said county on account of collections made by him for said county;" the fourth, that, having collected the taxes due the county, he "did fail to make a written report under oath, within the first three days of December, 1882, setting forth the amount of money collected by him for the State of Alabama and said county of Hale, as taxes, during the month of November, 1882, to S. W. Chadwick, the treasurer of said county, and did fail to pay to said Chadwick, treasurer as aforesaid, on the last Saturday of December, A. D. 1882, all the taxes due to the said county of Hale on account of collections made by him during the month of November, A. D. 1882;" the fifth, that, having collected taxes due to said county, he "did fail to make a written report under oath, setting forth the amount of money by him collected for the State and county taxes, to S. W. Chadwick, the treasurer of said county, and did fail to pay to said Chadwick, the treasurer of said county, all the taxes due to said county on account of collections made by him;" and the sixth, that, having collected the taxes due to said county, he "did fail to make a written report under oath, within the first three days of February, 1883, setting forth the amount of money collected by him for the State of Alabama and said county of Hale, as taxes, during the month of January, 1883, to S. W. Chadwick, the treasurer of said county, and did fail to pay to said Chadwick, treasurer as aforesaid, on the last Saturday of January, A. D. 1883, all the taxes due said county of Hale, on account of collections made by him during the month of January, 1883." There was a demurrer to the indictment, specifying several grounds of demurrer, which was overruled by the court; and issue being joined on the plea of not guilty, the jury returned a verdict of "guilty as charged in the indictment," and assessed a fine of five dollars; and the court thereon rendered judgment, overruling a motion in arrest, and sentenced the defendant to

[Britton v. The State.]

confinement in the penitentiary for the term of ten months, and to an additional term of hard labor for the county, on non-payment of the fine and costs. The material facts of the case, as involved in the points decided by this court, appear in the opinion of the court.

Thos. R. Roulhac, for the appellant.—(1.) The indictment is substantially defective in several particulars, as pointed out in the demurrers. It should have negatived, by its averments, the existence of any "good cause or excuse" for the alleged default.—1 Bish. Crim. Pro. §§ 375–78 ; *Com. v. Hart*, 11 Cush. 130 ; *Clark v. State*, 19 Ala. 552 ; *Carson v. State*, 69 Ala. 240 ; *Grattan v. State*, 71 Ala. 345. It should have specified some particular sum, or "about" a named sum, as the amount of the alleged default.—*Noble v. State*, 59 Ala. 13. It should have alleged that the money was "in his hands," as the words used in the statute are material ; for *non constat* that the money was not collected by a deputy, and never came into the hands of the defendant ; in which case, though he might be liable civilly, he would not be criminally. (2.) The assessor's books and the abstract-books, which were admitted as evidence by the court, ought not to have been received, because they were not certified by the probate judge as required by section 433 of the Code.—Stark. Ev. 399, 10th Amer. ed. ; 1 Greenl. Ev. §§ 493, 483–85 ; *Walker v. Wingfield*, 18 Vesey, 443. (3.) The judgment in the civil suit was not competent evidence.—1 Greenl. Ev. § 537 ; Stark. Ev. [332] ; *Brahan v. Ragland*, 3 Stew. 256. (4.) Some counts of the indictment charged only a misdemeanor, while others were intended to charge a felony ; and the verdict of the jury, though general, imposed only a fine of five dollars ; yet the court pronounced judgment and sentence of imprisonment in the penitentiary, as for a felony.

T. N. McClellan, Attorney-General, for the State.—(1.) To constitute the statutory felony for which this indictment was found (Code, § 4266), these facts must concur : 1st, the defendant must be a tax-collector ; 2d, he must have collected tax-money ; 3d, he must fail to report the collection as required by law ; 4th, he must fail to pay over the tax-money so collected as required by law. These essential facts are alleged in each count of the indictment, and the objections to it were properly overruled. An averment of the non-existence of good cause or excuse was unnecessary, that being matter of defense ; as in the analogous case of an indictment for carrying concealed weapons, which is not required to negative any of the statutory excuses. Nor was it necessary to specify any

[Britton v. The State.]

amount, as the amount of the default was entirely immaterial. The averment that the defendant collected tax-money, and has failed to pay it over, is equivalent to an averment that the money is still "in his hands." (2.) The requirement of a certificate by the probate judge to the assessment-book (Code, § 433) is directory merely, and the omission of the certificate neither affects the validity of the assessment, nor impairs the legal *status* of the book.—*Auditor v. Jackson County*, 65 Ala. 142. (3.) While the judgment itself in the civil suit may not have been competent evidence in this case, it was offered as a part of "the record and proceedings" of that suit; and it is submitted that the defendant's pleas in that case, at least, were admissible as a solemn admission of the facts therein stated, while the objection to the evidence was general.—2 Taylor's Ev. 1112; 18 Mo. 71; 29 Ala. 149; 1 Green. 527; 63 Ala. 138; 52 Ala. 345.

SOMERVILLE, J.—The several counts in the indictment are intended to charge a violation of section 4266 of the Code of 1876, which makes it an embezzlement of the public funds for any tax-collector to "fail to make returns and forward the tax-money in his hands, from time to time, to the proper authorities, as provided by law, except for good cause."—Code 1876, § 4266.

It is objected, both on demurrer, and in arrest of judgment, that the indictment fails to allege the embezzlement of any particular sum of money collected by the defendant as taxes. In the absence of any statutory requirement, the ordinary rule is, that the description of embezzled property must usually be the same as on an indictment for larceny at common law.—2 Bish. Cr. Pro. § 320. The form prescribed by the Code is not so strict, but admits an averment of "about" a specified sum, which, of course, need not be proved precisely as described.—Code, 1876, § 4824; Form No. 50, p. 997; *Lowenthal v. The State*, 32 Ala. 589. In *Noble v. The State*, 59 Ala. 73, we held an indictment for embezzlement to be fatally defective, which merely charged the defendant with converting or applying to his own use "a large sum of money."

It is very true, as argued for the State in this case, that the grade of the offense denounced does not depend upon the amount of the taxes embezzled, as in the case of ordinary embezzlement, or the larceny of money. The conversion by a tax-collector of any appreciable sum of tax-money, evidenced by his failure to make returns and forward such money to the proper officers, as provided by law, unless for good excuse, is a felony, under the provisions of section 4266 of the Code. But it can scarcely be contended, that the failure to make returns

[Britton v. The State.]

of, and forward a mere nominal sum—as, for example, a single cent—would be a criminal violation of this statute, although it would clearly come within the letter of it. This diminutive sum would certainly be tax-money, but would be rescued from the operation of the statute upon the principle embodied in the maxim, *De minimis lex non curat.* It would be shocking to justice to construe the law otherwise. There is good reason, therefore, for requiring an averment of some particular amount, which may be described as *about* a certain sum. Bishop's Directions and Forms (1885), §§ 404, 409. The demurrer should have been sustained to each count of the indictment, for this defect.

2. The other grounds of demurrer raise several questions as to the proper construction of sections 4265 and 4266 of the present Code. These sections, together with section 414 of the Code, originally comprised section 8 of the Revenue Code, approved March 6, 1876; Acts 1875–76, p. 61. It is a fact, important to be stated just here, that the tax-collector of each of the counties of this State is required by law to make a written report, under oath, within the first three days of each month, to the county treasurer of the county, or, if there be no such officer, to the judge of probate of the county in which he is collector, "setting forth the amount of money collected by him for the State and county taxes since his last report," and other details not necessary to be here mentioned. The officer to whom he reports is then required to compare the collector's statement with the assessment-book, and forthwith forward a report of it to the State Auditor.—Code, 1876, § 417. And the further requirement is made, that the tax-collector of each county in the State shall, by the last Saturday of each and every month of the year, *pay* to the treasurer of the State all the taxes due to the State, and to the county treasurer all the taxes due the county on account of collections made by him. Code, § 418.

We construe section 4266 of the Code—the one under which the present indictment is designed to be framed—to have reference to the foregoing duties, when it declares that "any tax-collector, who shall fail to *make returns* and *forward the tax-money* in his hands, from time to time, to the proper authorities, as provided by law," except for good cause, shall be guilty of embezzlement, and liable to be punished on conviction as for a felony. The theory of the law clearly is, that, if a tax-collector refuse to make any report of his collections, and to forward the tax-money collected by him, and in his hands, or immediately subject to his control, a conclusive presumption shall prevail, that he has used the money, or converted it to his own use, unless he show some good and sufficient excuse for

[Britton v. The State.]

this dereliction of official duty. This, as we have said, is made a felony.

It is made a misdemeanor only, however, by section 4265 of the Code for any tax-collector to fail to pay over all moneys collected by him "in the same character of funds which he received from the tax-payer," or, if he be guilty, as the section further declares, of "violating any of the provisions of section 414" of the Code. This section, among other duties imposed, requires the tax-collector "to *account* to the Auditor, under oath, for the whole amount of State taxes by him collected up to that date," less his commissions, and "on or before the first day of May following [it is further required that] he shall make a *final settlement* with the Auditor, and pay over to the treasurer the balance of the taxes received or collected from the tax-payers in his county." And he is also required "to make a *final settlement*, under oath, with the county treasurer, for all the county taxes, on or before the first day of May in each year."—Code, 1876, § 414; Acts 1875-76, § 8, p. 61. The law-making power had a right to say, that if he failed to comply with these requirements, or any others specified in section 414, a tax-collector should be guilty only of a misdemeanor. This was upon the probable theory, that if he had reported and paid over all taxes collected and in his hands, on the last Saturday of each month, the great temptation to embezzlement, which often occurs from holding large sums of trust funds, would be removed, and with it the presumption of a conversion of any small balance collected between the last Saturday in April and the first day of May, when the final settlement is required, by section 414, with the proper State and county authorities. With the wisdom or policy of the distinction we have nothing to do. We are satisfied that the failure of the tax-collector "to make returns, and forward the tax-money in his hands, from time to time, to the proper authorities, as provided by law," which section 4266 declares to be a felony, comprises the duty of making monthly reports of collections, and monthly payments of taxes collected, both State and county, in the manner and at the times specified in sections 417 and 418 of the Code.

3. It is requisite, in our opinion, that the indictment, in order to charge a felony under section 4266 of the Code, should aver that the money was at the time "in the hands" of the defendant. It may be that he had collected it through a deputy, so as only to create a civil liability upon himself and sureties; and it may never have come into his actual possession, or under his immediate control, so as to be the subject of conversion, or embezzlement. This *status* of the tax-money is

obviously contemplated by the statute.—Code, 1876, § 4266; Acts, 1875–76, p. 61, § 8.

4.  The indictment is not bad, on the ground that it fails to negative the fact that the defendant had no excuse for his neglect to comply with the statute.  The language of the section is, "who shall fail to make returns, and forward the tax-money in his hands, from time to time, to the proper authorities, as provided by law, *except for good cause*."—Code, 1876, § 4266. The offense created is a general one, applicable to all tax-collectors, without exception.  It is not limited to any particular class of tax-collectors, or circumscribed by any specified conditions.  Nor is there any exception, properly speaking, incorporated in the statute, which constitutes part of the description or definition of the offense.—Whart. Cr. Pl. & Pr. (8th ed.) § 238, and cases cited; 2 Whart. Cr. Law (8th ed.) § 1713.  The only cases not coming within the penalty of the statute are excusatory cases—or such as involve a good excuse for doing what the statute says shall not be done.  "It would make no matter," as Mr. Wharton observes, "in such case, whether these excusatory cases be or be not given in the same clause with that prohibiting the general offense; in either case, they need not be negatived in the indictment."—Whart. Cr. Pl. &. Pr. (8th ed.) § 240.  The case is analogous to an ordinary indictment for murder, in which it has never been supposed that the averments should, by way of anticipation, negative that the deceased was not killed in self-defense, or as an alien enemy *in bello flagrante*.  The indictment clearly shows a *prima facie* case against the defendant, without negativing the existence of his excuse; and this, apart from the defects to which we have adverted, is all that can be required. 1 Bish. Cr. Proc. (3d ed.), §§ 513 *a*, 631, *et seq.*  "For, when such exceptions embrace matter of defense, they are properly to be introduced by the defendant."—Whart. Cr. Pl. & Pr. § 238.

There is nothing in our own adjudged cases conflicting with the foregoing views.—*Grattan's Case*, 71 Ala. 344; *Carson's Case*, 69 Ala. 235.

5.  The "abstract-book," containing a statement of property and polls assessed, and required by section 434 of the Code to be made out by the judge of probate, and filed in the collector's office, if properly identified, would be admissible against the defendant, who is presumed to be privy to its contents, and to have acted under it in the performance of his official duties.  It requires no argument to show that the "stub-book," which is required by section 410 of the Code to be kept by the collector, is competent evidence against him. It is his own official act, and, as such, an admission of a most

[Britton v. The State.]

solemn character.    Whether the assessment-list, required to be
prepared by the assessor, under the provisions of section 389,
would also be admissible, unless corrected by the assessor, and
examined by the probate judge, and properly certified by him
in accordance with section 433, we need not decide, as the
question will not probably arise on another trial of the cause
below.

6.    The judgment recovered against the defendant and his
sureties, in the civil suit instituted against them by the county
of Hale, for liabilities incurred in his tax transactions, was not
properly admissible in evidence to establish any fact on which
it was rendered.    In civil actions, juries are authorized to de-
cide on the mere preponderance of the evidence, when it pro-
duces satisfactory conviction.    In criminal prosecutions, they
are not authorized to convict, unless they are satisfied of the
party's guilt beyond any reasonable doubt.—1 Greenl. Ev.
(14th ed.), § 537.    The judgment in the civil cause, moreover,
may have been rendered on a state of facts totally irrelevant in
a criminal prosecution for embezzlement—as, for example, for
a liability incurred by reason of the defalcation of the col-
lector's deputies, or even his own negligent loss of the tax-
money, for which he would be civilly but not criminally liable.
Another reason still is the want of mutuality, the parties to
the two proceedings being different—the judgment having
been recovered in the name of the county, and the prosecution
being in the name of the State.    It would be hard for a de-
fendant, as observed by Mr. Starkie, " that upon a criminal
charge, which concerns his liberty, or even his life, he should
be bound by any default of his in defending his property."
Starkie's Ev. (Shars.) 300-301 [332].

The other exceptions have been examined, and we are of
opinion that they are without merit.

The judgment of the Circuit Court must be reversed, and
the cause remanded for another trial.    In the meanwhile, the
defendant will remain in custody, until discharged by due
process of law.