# Birmingham Fire Brick Works *v.* Allen.

*Action on Common Counts, for Work and Labor Done.*

1. *Charge as to sufficiency of evidence.*—In an action to recover for work and labor done by plaintiff in the construction of brick-kilns for the defendant, at a stipulated price per thousand brick laid, a charge instructing the jury that it is not necessary for plaintiff to satisfy them "with mathematical certainty" as to the number of brick laid by him, but is only necessary for him to satisfy them "with reasonable certainty," is not erroneous, nor objectionable on any ground.

2. *Argumentative or misleading charge.*—Evidence having been allowed to go to the jury without objection, the court may instruct the jury, on request, "that they can consider these facts and circumstances

in connection with all the other facts and circumstances in the case;" though such charge may also be refused, because argumentative in its character, and tending to mislead.

3.   *Charge ignoring material evidence; recovery for work and labor done.* In an action to recover for work and labor done by plaintiff in the construction of brick-kilns for defendant, which proved to be worthless, plaintiff would not be totally barred from recovering anything, if the failure was attributable to defects in the plans and materials furnished by defendant; and there being evidence which tends to prove that fact, a charge which ignores it, and instructs the jury that, "if the work was not done in a first class manner, and was worthless by reason thereof, then plaintiff is not entitled to recover anything "

4.   *Charge as to measure and sufficiency of proof.*--In a civil case, a charge instructing the jury "that the plaintiff must make out his case to their reasonable satisfaction, and if the evidence leaves them in reasonable doubt of the correctness of any item of his account, then he is not entitled to recover said item," is inconsistent and self-repugnant, and is properly refused.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Henry Allen, against the appellant, a private corporation, to recover compensation for work and labor done in the construction of several brick-kilns for the defendant; and was commenced on the 29th June, 1887. The complaint contained only the common counts, and the only plea was the general issue.   On request of the plaintiff, the court gave the following charges to the jury:   (1.) "It is not necessary for plaintiff to satisfy the jury with mathematical certainty as to the number of brick laid by him in the kilns, but all that is necessary for him to do is to satisfy them with reasonable certainty of the number of such brick."   (2.) "If the jury believe from the evidence that, after plaintiff had finished work on the kilns, and before he brought this suit, he went to E. G. Stevens, president of the defendant corporation, and offered to go with him to measure said kilns, so as to calculate the number of brick in them; and that said Stevens, as such president, refused to go with him to make such measurement, and told plaintiff, if he went upon defendant's land where said kilns were located, he would go at his peril; then the jury, in making up their verdict, can consider these facts and circumstances, in connection with all the other facts and circumstances in the case."   The defendant excepted to each of these charges as given, and requested the following charges in writing, duly excepting to their refusal:   (1.) "If the jury believe from the testimony that the plaintiff contracted to build the square kiln in first-class manner, and that it is worthless by reason of its not being built in first-class

manner; then plaintiff is not entitled to recover anything for work done on said square kiln." (2.) "The plaintiff must make out his case to the reasonable satisfaction of the jury, and if the evidence leaves them in reasonable doubt of the correctness of any item of his account, then the plaintiff is not entitled to recover the amount of said item." The charges given, and the refusal of the charges asked, are now assigned as error.

GARRETT & UNDERWOOD, for appellant.

HEWITT, WALKER & PORTER, contra.

SOMERVILLE, J.—The action is one brought by the appellee, Allen, against the appellant corporation, for work and labor done on certain fire brick kilns, under an agreement by which the plaintiff was to furnish the labor, and do the work in first-class style; while the defendant was to furnish the plans and material, and to pay a specified sum per thousand for laying the brick. The evidence tended to show that the work when done was worthless for the uses intended; but it was conflicting on the point as to whether this resulted from the defective plans and material, or from the unskillful manner in which the work was executed by the plaintiff. The main controversy in the trial court seems to have been as to the number of brick laid, as ascertained by measurement and other modes of estimate.

1. In this view of the case, there was no error in the first charge of the court, given at the plaintiff's request, that it was not necessary for the plaintiff to satisfy the jury with "mathematical certainty" as to the number of brick laid in the kilns, in determining such number, but that proof of the fact with *reasonable* certainty was all that was requisite.

2. The second charge also contains no reversible error, although susceptible of criticism on the ground of its tendency to mislead the jury. The plaintiff had proved the fact, without objection, that he had requested one Stevens, the president of the defendant corporatian, to go with him to the premises and measure the quantity of brick in the kilns, and that Stevens had refused to go with him, having previously driven plaintiff's foreman and workmen away, and declining to allow the work to progress. This fact tended to show an effort on the part of the plaintiff to adopt proper means to arrive as nearly as practicable at the most accurate

measurement of his work—to approximate as nearly as possible, in other words, to that mathematical certainty which the defendant insists he should have attained.      This evidence having gone to the jury without objection, the court correctly charged the jury, that, in making up their verdict, they could consider it in connection with all the other evidence in the case.      The charge might well have been refused, as one argumentative in its nature, but this alone did not render it erroneous.      Its misleading tendencies could have been corrected by a counter charge to the jury requested on the part of the defendant.

3.    The court did not err in refusing to give the first charge requested by the defendant.    The evidence tends to show that the failure of the plaintiff to construct the kilns in a first-class manner may have been attributable to the defect in the plans and material furnished by the defendant, as well as to the plaintiff's want of artistic skill; and if this were so, he would not be totally debarred from recovering anything for his work, as asserted by this instruction.    The charge ignored this qualifying evidence, and was, therefore, erroneous.

4.    The second charge requested by the defendant is self-repugnant.    The first part of the charge asserts, that the plaintiff must make out his case to the *reasonable satisfaction* of the jury; and the second part asserts, that if the evidence leaves them in *reasonable doubt* as to the correctness of any item of the plaintiff's account, then the plaintiff is not entitled to recover the amount of such item.    This is an attempted amalgamation of two separate rules of evidence, one of which applies to civil, and the other to criminal cases. "In civil actions, juries are authorized to decide on the mere preponderance of the evidence, when it produces satisfactory conviction.    In criminal prosecutions, they are not authorized to convict, unless they are satisfied of the party's guilt beyond any reasonable doubt."—*Britton v. The State*, 77 Ala. 202, 209.    If it be true, as declared by the charge under consideration, that the jury must find against the plaintiff, as to all items of the account in reference to which the evidence leaves them "in reasonable doubt," it necessarily follows that they can not find for the plaintiff on such items, unless the evidence satisfies them to such an extent as to exclude such doubt, or, what is the same thing, satisfies them beyond a reasonable doubt.    The court properly refused this instruction.

Affirmed.