45 So.2d 170

**HELMS v. STATE.**

4 Div. 98.

Court of Appeals of Alabama.

Jan. 24, 1950.

Rehearing Denied Feb. 28, 1950.

Douglas Brown, of Ozark, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is the second time this case has been before this court. See Helms v. State, Ala.App. 37 So.2d 229, certiorari denied 251 Ala. 275, 37 So.2d 231.

The appellant was indicted for assault with intent to murder one Cy English, by shooting him with a pistol.

■ Again we are convinced from a reading of the record that the evidence presented by the State was ample in its tendencies to support the verdict and judgment rendered.

We are clear to the conclusion however that certain rulings by the court to questions propounded to the appellant on cross examination compel a reversal of this cause.

During the cross examination of the appellant he was questioned as to whether or not Cy English, the alleged assaulted party, had signed a release in the civil suit filed by him against the appellant, growing out of the same incident as this prosecution.

A number of questions were directed toward this end, and timely and well grounded objections were interposed, and exceptions reserved. Twice during the eliciting of this testimony the court stated to the defense counsel: "You may have the record on all this." The answers elicited from appellant were to the effect that such release had been obtained upon payment to English of $500.00.

We have found no cases from this jurisdiction, or from any other for that matter, which consider the question of the admissibility of evidence in the criminal prosecution of the settlement of a civil action growing out of the same incident.

■ However it is clearly settled by the doctrines of our cases that a judgment gained in a civil suit is not admissible against the defendant in a criminal prosecution growing out of the same transaction. Britton v. State, 77 Ala. 202. Conversely, verdicts in criminal cases are not admissible in civil cases arising out of the same

188

transactions. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617.

In Roden and Son v. State, 30 Ala.App. 229, 3 So.2d 420, 421, Justice Simpson stated that: "A judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being no mutuality of parties and a different degree of proof, respectively, being required."

In 22 C.J.S., Criminal Law, § 50, the general rule, amply supported by authority, is stated as follows: "* * * it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution involving the same matter."

The reasons underlying the doctrine are that the parties are not the same; the penalties are not the same; the causes of action are different; the burden of proof is not the same; the rules of procedure are not the same, in that in a civil action the defendant may be forced to testify, while he cannot be compelled to do so in a criminal proceeding.

It would rationally appear that if a judgment obtained in a civil proceeding is inadmissible in a subsequent criminal prosecution, where at least the civil judgment was obtained after hearing and judicial supervision, then certainly a settlement in the civil cause, made without the protection of trial safeguards, and perhaps merely to get rid of the worry of a pending suit, cannot be said to have any probative value in determining the issues of the criminal prosecution. It further cannot be denied that evidence of the settlement of the civil suit, growing out of the same matters as does the criminal prosecution, would ordinarily tend to influence the mind of a juror in the criminal prosecution to the prejudice of the defendant.

Other matters are argued in appellant's brief. They are unlikely to arise at another trial of this cause. We therefore reserve consideration of them, and in the interest of brevity refrain from a discussion of them.

Reversed and remanded.