100 So.2d 744

**Arthur MORRISON**

v.

**STATE of Alabama.**

**8 Div. 912.**

Supreme Court of Alabama.

Aug. 22, 1957.

See also, post, p. 258, 100 So.2d 746.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for petitioner.

J. A. Lee and John B. Tally Scottsboro, opposed.

**2**

MERRILL, Justice.

■ We granted the writ of certiorari to the Court of Appeals because that Court stated that it was bound to follow the holdings in State v. Autery, 1 Stew. 399, and Caldwell v. State, 160 Ala. 96, 49 So. 679, that in criminal proceedings charging assault and battery, the defendant may prove the pendency of a civil action against him for the same assault in mitigation of a possible fine, although it doubted the soundness of these holdings.

We do not agree with the reasoning in those cases as to the admissibility of the *pendency* of a civil action. That would permit the mitigation of the punishment for a criminal offense upon the *amount* of the suit, irrespective of the actual merits of the alleged offense.

We have found no case in this State where a *judgment rendered* in a civil case, as in the instant case, was held to be admissible for the defendant in possible mitigation of punishment. We do not think it advisable to so hold. There are statements in Helms v. State, 35 Ala.App. 187, 45 So. 2d 170, 171; certiorari denied 253 Ala. 467, 45 So.2d 171, which express sounder views on the question generally. The court said:

"However it is clearly settled by the doctrines of our cases that a judgment gained in a civil suit is not admissible against the defendant in a criminal prosecution growing out of the same transaction. Britton v. State, 77 Ala. 202. Conversely, verdicts in criminal cases are not admissible in civil cases arising out of the same transactions. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617.

"In Roden & Son v. State, 30 Ala. App. 229, 3 So.2d 420, 421, Justice Simpson stated that: 'A judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being no mutuality of parties and a different degree of proof, respectively, being required.'

"In 22 C.J.S. Criminal Law § 50, the general rule, amply supported by authority, is stated as follows: ' * * * it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution involving the same matter.'

"The reasons underlying the doctrine are that the parties are not the same; the penalties are not the same; the causes of action are different; the burden of proof is not the same; the rules of procedure are not the same, in that in a civil action the defendant may be forced to testify, while he cannot be compelled to do so in a criminal proceeding."

■ As pointed out in the opinion of the Court of Appeals, evidence of a judgment in a criminal case in Alabama is correctly excluded from the jury's consideration in civil cases. It appears to us that the same rule should apply in both criminal and civil cases, and that the same rule should apply whether in an assault and battery case or a manslaughter case. Therefore, we hold that the trial court correctly sustained objections to the offer to show that a judgment for damages had been rendered against the defendant in a civil action involving the same matter. It follows that the contrary holdings in State v. Autery, 1 Stew. 399, Phillips v. Kelly, 29 Ala. 628, and Caldwell v. State, 160 Ala. 96, 49 So. 679, ought to be overruled, and any inferences from language used in Alabama Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158, and McMickens v. State, 18 Ala.App. 36, 88 So. 342, tending to support the rule in the Autery case, ought to be disregarded.

■ In overruling the cited cases, supra, only a rule of evidence is concerned and not a rule of substantive law. No party to a cause has a vested interest in a rule of evidence.

■ We add this comment to clarify one point. W. D. Austin, the person to whom

the question about the judgment was addressed and who was the plaintiff in the civil action, was a witness for the State. It was when he was recalled for cross-examination that the question as to the admissibility of the judgment arose. It was proper to permit the defendant to show that Austin had instituted a civil action against the defendant to show his interest, he being a party to that suit. Cabel v. State, 18 Ala.App. 557, 93 So. 260. The record discloses that the trial court correctly overruled the State's objection as to whether the witness had filed a civil suit against the defendant.

The judgment of the Court of Appeals is reversed and the cause remanded.

Reversed and remanded.

LAWSON, SIMPSON and GOOD-WYN, JJ., concur.

LIVINGSTON, C. J., and COLEMAN, J., dissent. They would affirm the judgment of the Court of Appeals.