I dissent from the affirmance of the trial court's finding that the former husband is in contempt because the former wife failed to establish beyond a reasonable doubt that the former husband had the present ability to pay.
"The standard of review in a civil contempt case was clarified by this court in Stack v. Stack, 646 So.2d 51, 56
(Ala.Civ.App. 1994), as follows:
 "`[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.'"
Boykin v. Boykin, 659 So.2d 664, 666 (Ala.Civ.App. 1995). An inability to pay is an affirmative defense to a charge of contempt. Thomas v. Thomas, 406 So.2d 939, 942 (Ala.Civ.App. 1981). When the defendant presents evidence of an inability to pay, then the burden of production shifts to the complainant; the complainant must prove beyond a reasonable doubt that the defendant has the ability to pay. Watts v. Watts,706 So.2d 749, 751 (Ala.Civ.App. 1997).
The main opinion states that "[a]lthough the former husband claimed an inability to pay, he offered no substantive evidence of that inability" and, therefore, the burden to show an ability to pay beyond a reasonable doubt did not shift to the former wife. 930 So.2d at 515. That the former husband produced evidence of his inability to pay is irrefragable. The former husband's testimony regarding his inability to pay is substantive evidence that is sufficient to shift the burden to the former wife. SeePardue v. Pardue, So.2d 857 (Ala.Civ.App. 2005); and King v.King, 620 So.2d 56 (Ala.Civ.App. 1993).
The former husband testified that he is currently unemployed. He testified that he had been employed but had been laid off. The former husband testified that he was willing to pay but that he simply did not have the ability to do so. The former husband also testified that while he had *Page 517 
been unable to pay the entire amount of his obligations when he was employed, he had, nonetheless, paid what he could afford.
The former wife offered no proof to the trial court of the former husband's ability to pay. The only proof adduced at trial of the former husband's ability to pay was the prior divorce judgment of which the trial court took judicial notice. The divorce judgment provides:
 "11. Alimony in Gross: The court finds that the [former] husband has fraudulently disposed of marital assets over the past two years in an effort to avoid an equitable division of the property with the [former] wife. Therefore, the [former] husband shall pay to the [former] wife the lump sum of Ninety Thousand Dollars ($90,000), as alimony in gross to the [former] wife. The amount shall be paid within ninety (90) days after this [judgment]."
Arguably, this finding supports the inference that the former husband does not, in fact, have the ability to pay. The trial court found that the former husband "disposed" of the marital assets. Even if the court could impute to the former husband income for the purposes of calculating a distribution of assets, it could not rely on those imputed assets to jail the former husband in a collateral proceeding for contumacious nonpayment because, obviously, the former husband does not have the money; otherwise, there would be no need to impute income to the former husband.
Even if the trial court were to use the finding in the divorce proceeding to demonstrate that the former husband has the ability to pay, it is still insufficient to meet the former wife's burden of proof. The applicable burden of proof is beyond a reasonable doubt. The finding that the former husband fraudulently disposed of marital assets was made under a preponderance-of-the-evidence standard. Cf. Morrison v. State, 267 Ala. 1, 2, 100 So.2d 744,745 (1957) (citing the differences in the burden of proof as a reason that "`"it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution [employing the beyond-a-reasonable-doubt standard] involving the same matter"'") (quoting Helms v. State 35 Ala.App. 187, 188, 45 So.2d 170, 171
(1950), quoting in turn 22 C.J.S. Criminal Law § 50); andLoper v. State, 469 So.2d 707, 710-11 (Ala.Crim.App. 1985) ("It is hornbook law in Alabama that a judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being . . . different degrees of proof . . . required.").
Regardless, the former wife ultimately failed to adduce sufficient evidence showing beyond a reasonable doubt that the former husband had the ability to pay. Indeed, the only evidence regarding the former husband's ability to pay was the divorce judgment of which the trial court took judicial notice. This is insufficient to prove beyond a reasonable doubt that the former husband had the ability to pay.
I would reverse the contempt judgment and remand the case to the trial court; therefore, I must dissent.
MURDOCK, J., concurs.