70 So.3d 435 (2011)
Ex parte Rodney Wayne PATTERSON. (In re State of Alabama v. Rodney Wayne Patterson).
CR-10-0334.
Court of Criminal Appeals of Alabama.
March 18, 2011.
*436 Chris Malcom, Moulton, for petitioner.
Troy King, atty. gen., and Cecil G. Brendle, Jr., asst. atty. gen., for respondent.
PER CURIAM.
The petitioner, Rodney Wayne Patterson, filed this petition for a writ of habeas corpus requesting that we reinstate his original bail, which had been revoked. In October 2009, Patterson was arrested for attempted murder; his bail was set at $75,000. In January 2010, Patterson was indicted for attempted murder and his bail, which he had paid, remained the same. In May 2010, the State moved that Patterson's bail be revoked because, it argued, Patterson had been charged with another offense while he was free on bail for the attempted murder charge, and a condition of his release had been that he not engage in any criminal activity. On May 13, 2010, Judge Pride Tompkins revoked Patterson's bail. On November 12, 2010, Patterson was found "not guilty" of reckless endangerment[1]  the charge that formed the basis for the revocation of his pretrial bail. Patterson then moved to have his original bail reinstated. After a hearing on November 15, 2010, Judge Tompkins denied Patterson's motion. This original petition for a writ of habeas corpus followed.
Patterson asserts that he is entitled to remain free on pretrial bail because, he argues, he has been acquitted of the *437 charge that formed the basis for the revocation of his pretrial bail.
"The purposes of bail are to secure the accused's attendance, and avoid the imprisonment of persons still entitled to a presumption of innocence, among others.
"Since it is not the purpose of the criminal law to confine a person accused of crime before conviction, bail is allowed in recognition of the presumption of innocence until guilt is proved, and is a necessary corollary to the constitutional concept that persons may be imprisoned only after conviction. Bail is intended to enable an accused to remain out of jail until the next proceeding in the case, or until there has been a final disposition of the accusation, and to prepare a defense. Bail also relieves the state of the burden of detaining possibly innocent persons pending trial."
8 C.J.S. Bail § 6 (2010). "Bail operates to balance the `presumption of innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him.'" Ex parte Henson, 131 S.W.3d 645, 647 (Tex. App.2004).
Under Alabama law, an accused has a constitutional right to pretrial bail in all noncapital cases.
"Article I, § 16, Alabama Constitution of 1901, provides: `That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.' This Court has interpreted § 16 as providing an absolute right to bail in all noncapital cases. State v. Blake, 642 So.2d 959, 968 (Ala.1994). See also, Ala. Code 1975, § 15-13-2; Brown v. State, 615 So.2d 1306 (Ala.Crim.App.1993); and Ex parte Jackson, 687 So.2d 222 (Ala.Crim.App.1996)."
Ex parte Colbert, 805 So.2d 687, 688 (Ala. 2001). See § 15-13-8, Ala.Code 1975, which states: "In all cases other than those specified in subsection (a) of Section 15-13-3 [capital cases] a defendant is, before conviction, entitled to bail as a matter of right."
We have recognized that this constitutional right is subject to forfeiture by the defendant. In Ex parte Fleming, 814 So.2d 302 (Ala.Crim.App.2001), we stated:
"[A] defendant may forfeit his constitutional right to pretrial bail by his conduct while out on bail. See Shabazz v. State, 440 So.2d 1200 (Ala.Crim.App. 1983). In Shabazz, we stated:
" `The Constitution of the State of Alabama provides "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." Ala. Const, art. I, § 16. Additionally, § 15-13-2, Code of Alabama 1975, states that "In all cases other than those specified in subsection (a) of section 15-13-3, a defendant is, before conviction, entitled to bail as a matter of right." Subsection (a) of § 15-13-3 deals with capital cases. The courts of this State have consistently construed the statute and constitutional provision as ensuring to an accused an absolute right to bail. Brakefield v. State, 269 Ala. 433, 113 So.2d 669 (1959); Holman v. Williams, 256 Ala. 157, 53 So.2d 751 (1951); Sprinkle v. State, 368 So.2d 554 (Ala.Crim.App.1978), writ quashed, 368 So.2d 565 (Ala.1979).
" `....
" `... Although the court found the right to bail on a noncapital case to *438 be absolute, even when there had previously been a forfeiture of bail on the same charge, it also said that an accused could forfeit his constitutional right to bail if it appeared that he had done so through affirmative evidence. This court opines that engaging in felonious criminal activity while out on bail is an example of such affirmative evidence. Mere failure to appear in court would not suffice.'

"440 So.2d at 1201-02 (emphasis added). Cf: Alabama courts have recognized that the following constitutional protections may be waived: (right to counsel at trial) (Clemons v. State, 720 So.2d 985 (Ala.1998), cert, denied, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 906 (1999)); (right to counsel and to conduct own defense) (Ex parte Arthur, 711 So.2d 1097 (Ala.1997)); (right against self-incrimination) (Ex parte Graddick, 501 So.2d 444 (Ala.1986)); (right to trial by jury) (Arrington v. State, 773 So.2d 500 (Ala.Crim.App.2000)); (right to speedy trial) (Williams v. State, 641 So.2d 1305 (Ala.Crim.App.1994)).
"The philosophy expressed in Shabazz has been incorporated into Rule 7.3(a), Ala. R.Crim. P., and Rule 7.5(b), Ala. R.Crim. P., promulgated by the Alabama Supreme Court. Rule 7.3(a) lists the mandatory conditions of release, once bail has been set. Those mandatory conditions require that a defendant
" `(1) Appear to answer and to submit to the orders and process of the court having jurisdiction of the case;
" `(2) Refrain from committing any criminal offense;
" `(3) Not depart from the state without leave of court; and
" `(4) Promptly notify the court of any change of address.'"
814 So.2d at 303-04.
Rule 7.5(b), Ala.R.Crim. P., provides, in pertinent part:
"If, after a hearing on the matters set forth in the motion, the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant's release, the court may modify the conditions or revoke the release. If a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, or that there was a misrepresentation or omission concerning other charges pending against the defendant released, the court may modify the conditions of release or revoke the release, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged."

(Emphasis added.) The Committee Comments to Rule 7.5, Ala.R.Crim. P., note that "[t]he rule is not intended to operate as an absolute denial of release where there is probable cause to believe the defendant committed an offense while on release."
Rule 7.5(b), Ala. R.Crim. P., is patterned after § 18 U.S.C.A. § 3148. This section provides that a court may revoke pretrial bail if there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release...." The federal statute further states:
"If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other *439 person or the community."[2]
18 U.S.C.A. § 3148(b) (emphasis added). See also 8 C.J.S. Bail § 143 (2010). "Once the presumption arises, the ball is in the defendant's court ... and it is incumbent on the defendant to come forward with some evidence to rebut the presumption." United States v. Cook, 880 F.2d 1158, 1162 (10th Cir.1989).
Other state courts have addressed the continued validity of a bail revocation when there has been an acquittal on the charge that was the basis for the revocation. Massachusetts law provides:
"If a person is on release pending the adjudication of a prior charge, and the court ... finds probable cause to believe that the person has committed a crime during said period of release, the court shall then determine ... whether the release of said person will seriously endanger any person or the community.... If the court determines that the release of said person will seriously endanger any person or the community... the court may revoke bail on the prior charge.... Said order shall state in writing the reasons therefor and shall be reviewed by the court upon the acquittal of the person, or the dismissal of any of the cases involved."

Mass. Gen. Laws ch. 276 § 58 (2006) (emphasis added). "The only language in the statute pertaining to any type of review of a revocation order is limited, requiring review (`shall be reviewed') `upon the acquittal of the person, or the dismissal of, any of the cases involved.'" Commonwealth v. Pagan, 445 Mass. 315, 321, 837 N.E.2d 252, 259 (2005).
The Vermont Supreme Court in State v. Mecier, 136 Vt. 336, 339, 388 A.2d 435, 438 (1978), has stated:
"In the case before us ... if the earlier extortion case is dismissed or the defendant is acquitted of the charge, the defendant is then entitled to an immediate review of his bail situation with respect to the present charge. The court then involved would have the usual duty to make every effort to resolve the bail application in favor of some sort of release, no more restrictive than necessary...."
Here, Patterson was acquitted of the charge that formed the basis for the revocation of his pretrial bailthe charge was not dismissed or nolle prossed.[3] Given Alabama's clear preference for pretrial bail in all noncapital cases, we hold that Patterson is entitled to have his original $75,000 bail reinstated. See Shabazz v. State, 440 So.2d 1200 (Ala.Crim.App.1983). Accordingly, this petition for a writ of habeas corpus is hereby granted.
*440 PETITION GRANTED; WRIT ISSUED.
WELCH, P.J., and KELLUM and BURKE, JJ., concur. JOINER, J., concurs specially, with opinion. WINDOM, J., dissents, with opinion.
JOINER, Judge, concurring specially.
I concur in the main opinion. In its response to Rodney Wayne Patterson's petition, the State asserts that Patterson has continued to harass the victim of the alleged murder attempt. I write specially to note that I do not read our decision as precluding the circuit court from adding, as a condition to the reinstatement of the bail, the requirement that Patterson avoid contact with the victim. Moreover, if such a condition already exists, I do not read our decision as invalidating that condition or as precluding the State from seeking to have Patterson's bail revoked for violating that condition.
WINDOM, Judge, dissenting.
I respectfully disagree with the majority's determination that Rodney Wayne Patterson is entitled to the reinstatement of his original bail. As discussed in detail below, I do not believe that Patterson's acquittal of the charge that formed the basis of his bail revocation establishes a lack of probable cause that he committed the new offense and, thus, forfeited his right to bail. See Rule 7.5(b), Ala. R.Crim. P. Therefore, I must respectfully dissent.
"The Constitution of the State of Alabama provides `[t]hat all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.' Ala. Const, art. I, § 16." Shabazz v. State, 440 So.2d 1200, 1201 (Ala.Crim.App.1983). See also § 15-13-2, Ala.Code 1975, ("In all cases other than those specified in subsection (a) of Section 15-13-3 [capital cases], a defendant is, before conviction, entitled to bail as a matter of right"). "Although ... the right to bail on a non-capital case [is] absolute, ... an accused [may] forfeit his constitutional right to bail [by] engaging in... criminal activity...." Shabazz, 440 So.2d at 1202. See also Ex parte Fleming, 814 So.2d 302, 304 (Ala.Crim.App.2001) (holding that an accused may forfeit his right to bail by committing a new offense). Rule 7.5, Ala. R.Crim. P., establishes the standard to be applied in a bail-revocation preceding in which an individual is accused of forfeiting the right to bail by committing a new offense. Specifically, Rule 7.5(b), Ala. R.Crim. P., states, in pertinent part, that "[i]f a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, ... the court may ... revoke the release after a hearing, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged." (Emphasis added.) Consequently, a court may revoke an individual's bail if the court finds that there is probable cause to believe that the individual committed a new offense or if the court finds that the individual was arrested for a new offense based on probable cause. Ex parte Bumpers, 854 So.2d 627, 630 (Ala. Crim.App.2003).
A criminal conviction, on the other hand, requires "proof beyond a reasonable doubt" that the defendant committed the criminal offense. In re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Probable cause is a less "strict standard [than that] of proof beyond a reasonable doubt." State v. Montgomery, 968 So.2d 543, 550 (Ala.Crim.App.2006) (citations *441 and quotations omitted). Unlike proof beyond a reasonable doubt, probable cause is established if "a reasonable [person] would believe the crime occurred and that the defendant committed it." Id. (citations and quotations omitted). "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Id. (citations and quotations omitted).
Because the showing necessary to revoke bail (probable cause) is less stringent than the showing necessary to convict an individual of a criminal offense (beyond a reasonable doubt), I believe that the majority incorrectly holds that Patterson's acquittal on the new offense establishes that there was no probable cause to revoke his bail for that new offense. Courts in this State have consistently recognized that the outcome of one proceeding will not dictate the outcome of another proceeding involving the same matter when the two proceedings are governed by different standards of proof. For that reason, "[a] judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved." City of Gadsden v. Head, 429 So.2d 1005, 1007 (Ala.1983). See also Morrison v. State, 267 Ala. 1, 2, 100 So.2d 744, 745 (1957) (citing the differences in the burden of proof as a reason that " ` "it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution [employing the beyond-a-reasonable-doubt standard] involving the same matter"'") (quoting Helms v. State, 35 Ala.App. 187, 188, 45 So.2d 170, 171 (1950), quoting in turn 22 C.J.S. Criminal Law § 50). As this Court stated in Loper v. State, "[i]t is hornbook law in Alabama that a judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being ... different degrees of proof ... required." 469 So.2d 707, 710-11 (Ala.Crim.App.1985) (Emphasis added.) In the same vein, this Court has recognized that "[b]y virtue of the different burdens of proof placed on the state in probation revocation hearings, it is quite possible that probation may be revoked based on a set of facts where a criminal conviction based on the same set of facts [and the same evidence] cannot stand." Carlton v. State, 507 So.2d 998, 1002 (Ala.Crim.App.1986).
Further, as the majority notes, "`[a] verdict of acquittal is not an affirmative finding of innocence or that all of the accused's testimony is true, but it is merely a declaration that the jury [or, in a bench trial, the judge] was not satisfied beyond a reasonable doubt about the defendant's guilt.'" 70 So.3d at 439, n. 3 (quoting 23A C.J.S. Criminal Law § 1903 (2010)). Likewise, a verdict of acquittal based on the State's failure to present sufficient evidence to establish the accused's guilt beyond a reasonable doubt does not establish that there was insufficient evidence to support a finding of probable cause to believe that the accused committed the offense. See Stone v. State, 501 So.2d 562, 565 (Ala.Crim.App.1986) (recognizing that " `only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause'"), overruled on other grounds, Ex parte Boyd, 542 So.2d 1276 (Ala.1989), (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).
Here, the circuit court revoked Patterson's bail on the ground that Patterson had been arrested based on probable cause to believe that he had committed a new offense. The standard established in Rule *442 7.5(b), Ala. R.Crim. P., to revoke an accused's bail is probable cause, not proof beyond a reasonable doubt.[4] The majority, however, grants Patterson's petition for a writ of habeas corpus on the ground that "Patterson was acquitted of the charge that formed the basis for the revocation of his pretrial bail...." 70 So.3d at 439. In doing so, the majority erroneously elevates the probable-cause standard established in Rule 7.5(b), Ala. R.Crim. P., to the reasonable-doubt standard necessary for a criminal conviction. In re Winship, 397 U.S. at 361, 90 S.Ct. 1068.
Because the circuit court revoked Patterson's bail on the ground that Patterson had been arrested based on probable cause in compliance with the standard established in Rule 7.5(b), Ala. R.Crim. P., I believe that this Court should deny his petition for a writ of habeas corpus.[5] Accordingly, I respectfully dissent from the majority's determination that "Patterson['s acquittal] of the charge that formed the basis for the revocation of his pretrial bail" establishes that he is entitled to reinstatement of the original bail.
NOTES
[1] The basis for this misdemeanor charge was that Patterson allegedly engaged in reckless conduct by "driving behind [the victim] at a high rate of speed as if to run her off the road." After a bench trial in the district court, Judge Angela Terry found Patterson "not guilty."
[2] The federal statute provides that the "rebuttable presumption" arises only when the accused has been charged with a new felony.
[3] We realize that "[a] verdict of acquittal is not an affirmative finding of innocence or that all of the accused's testimony is true, but it is merely a declaration that the jury was not satisfied beyond a reasonable doubt about the defendant's guilt." 23A C.J.S. Criminal Law § 1903 (2010). However, we do not believe that the law applicable to probation-revocation proceedings applies in this case. We have stated: "By virtue of the different burdens of proof placed on the State in probation revocation hearings, it is quite possible that probation may be revoked based on a set of facts where a criminal conviction based on the same set of facts cannot stand. `[A] proceeding to revoke probation is not a criminal prosecution....'" Carlton v. State, 507 So.2d 998, 1002 (Ala.Crim.App.1986). A probation-revocation proceeding is a postconviction proceeding, i.e., it occurs after conviction and sentence. Here, Patterson stands convicted of no offense, and he, under the law, is presumed innocent of the attempted-murder charge.
[4] Patterson does not challenge the constitutionality of the probable-cause standard established in Rule 7.5(b), Ala. R.Crim. P.; therefore, that issue is not properly before this Court.
[5] I note that the circuit court failed to hold a hearing within 72 hours of Patterson's arrest as required by Rule 7.5, Ala. R.Crim. P. I, however, believe that this error does not mandate that this Court grant Patterson's petition because Patterson was eventually granted a hearing. See Ex parte Bartlett, 848 So.2d 1024, 1026 (Ala.Crim.App.2002) (holding that any error in the failure to hold a bail-revocation hearing within 72 hours was cured by a subsequent hearing in which the accused was provided "the opportunity to present evidence to support his release from custody").