WINDOM, Judge,
dissenting.
I respectfully disagree with the majority’s determination that Rodney Wayne Patterson is entitled to the reinstatement of his original bail. As discussed in detail below, I do not believe that Patterson’s acquittal of the charge that formed the basis of his bail revocation establishes a lack of probable cause that he committed the new offense and, thus, forfeited his right to bail. See Rule 7.5(b), Ala. R.Crim. P. Therefore, I must respectfully dissent.
“The Constitution of the State of Alabama provides ‘[t]hat all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.’ Ala. Const. art. I, § 16.” Shabazz v. State, 440 So.2d 1200, 1201 (Ala.Crim.App.1983). See also § 15-13-2, Ala.Code 1975, (“In all cases other than those specified in subsection (a) of Section 15-13-3 [capital cases], a defendant is, before conviction, entitled to bail as a matter of right.”). “Although ... the right to bail on a non-capital case [is] absolute, ... an accused [may] forfeit his constitutional right to bail [by] engaging in ... criminal activity....” Shabazz, 440 So.2d at 1202. See also Ex parte Fleming, 814 So.2d 302, 304 (Ala.Crim.App.2001) (holding that an accused may forfeit his right to bail by committing a new offense). Rule 7.5, Ala. R.Crim. P., establishes the standard to be applied in a bail-revocation preceding in which an individual is accused of forfeiting the right to bail by committing a new offense. Specifically, Rule 7.5(b), Ala. R.Crim. P., states, in pertinent part, that “[i]f a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, ... the court may ... revoke the release after a hearing, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged.” (Emphasis added.) Consequently, a court may revoke an individual’s bail if the court finds that there is probable cause to believe that the individual committed a new offense or if the court finds that the individual was arrested for a new offense based on probable cause. Ex parte Bumpers, 854 So.2d 627, 630 (Ala. Crim.App.2003).
A criminal conviction, on the other hand, requires “proof beyond a reasonable doubt” that the defendant committed the criminal offense. In re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Probable cause is a less “strict standard [than that] of proof beyond a reasonable doubt.” State v. Montgomery, 968 So.2d 543, 550 (Ala.Crim.App.2006) (ci *441 tations and quotations omitted). Unlike proof beyond a reasonable doubt, probable cause is established if “a reasonable [person] would believe the crime occurred and that the defendant committed it.” Id. (citations and quotations omitted). “Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.” Id. (citations and quotations omitted).
Because the showing necessary to revoke bail (probable cause) is less stringent than the showing necessary to convict an individual of a criminal offense (beyond a reasonable doubt), I believe that the majority incorrectly holds that Patterson’s acquittal on the new offense establishes that there was no probable cause to revoke his bail for that new offense. Courts in this State have consistently recognized that the outcome of one proceeding will not dictate the outcome of another proceeding involving the same matter when the two proceedings are governed by different standards of proof. For that reason, “[a] judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved.” City of Gadsden v. Head, 429 So.2d 1005, 1007 (Ala.1983). See also Morrison v. State, 267 Ala. 1, 2, 100 So.2d 744, 745 (1957) (citing the differences in the burden of proof as a reason that “ ‘ “it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution [employing the beyond-a-reasonable-doubt standard] involving the same matter” ’ ”) (quoting Helms v. State, 35 Ala.App. 187, 188, 45 So.2d 170, 171 (1950), quoting in turn 22 C.J.S. Criminal Law § 50). As this Court stated in Loper v. State, “[i]t is hornbook law in Alabama that a judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being ... different degrees of proof ... required.” 469 So.2d 707, 710-11 (Ala.Crim.App.1985) (Emphasis added.) In the same vein, this Court has recognized that “[b]y virtue of the different burdens of proof placed on the state in probation revocation hearings, it is quite possible that probation may be revoked based on a set of facts where a criminal conviction based on the same set of facts [and the same evidence] cannot stand.” Carlton v. State, 507 So.2d 998, 1002 (Ala.Crim.App.1986).
Further, as the majority notes, ‘“[a] verdict of acquittal is not an affirmative finding of innocence or that all of the accused’s testimony is true, but it is merely a declaration that the jury [or, in a bench trial, the judge] was not satisfied beyond a reasonable doubt about the defendant’s guilt.’ ” 70 So.3d at 439, n. 3 (quoting 23A C.J.S. Criminal Law § 1903 (2010)). Likewise, a verdict of acquittal based on the State’s failure to present sufficient evidence to establish the accused’s guilt beyond a reasonable doubt does not establish that there was insufficient evidence to support a finding of probable cause to believe that the accused committed the offense. See Stone v. State, 501 So.2d 562, 565 (Ala.Crim.App.1986) (recognizing that “ ‘only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause’ ”), overruled on other grounds, Ex parte Boyd, 542 So.2d 1276 (Ala.1989) (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).
Here, the circuit court revoked Patterson’s bail on the ground that Patterson had been arrested based on probable cause to believe that he had committed a new offense. The standard established in Rule *442 7.5(b), Ala. R.Crim. P., to revoke an accused’s bail is probable cause, not proof beyond a reasonable doubt.[4] The majority, however, grants Patterson’s petition for a writ of habeas corpus on the ground that “Patterson was acquitted of the charge that formed the basis for the revocation of his pretrial bail_” 70 So.3d at 439. In doing so, the majority erroneously elevates the probable-cause standard established in Rule 7.5(b), Ala. R.Crim. P., to the reasonable-doubt standard necessary for a criminal conviction. In re Winship, 397 U.S. at 361.
Because the circuit court revoked Patterson’s bail on the ground that Patterson had been arrested based on probable cause in compliance with the standard established in Rule 7.5(b), Ala. R.Crim. P., I believe that this Court should deny his petition for a writ of habeas corpus.[5] Accordingly, I respectfully dissent from the majority’s determination that “Patterson[’s acquittal] of the charge that formed the basis for the revocation of his pretrial bail” establishes that he is entitled to reinstatement of the original bail.

. Patterson does not challenge the constitutionality of the probable-cause standard established in Rule 7.5(b), Ala. R.Crim. P.; therefore, that issue is not properly before this Court.

. I note that the circuit court failed to hold a hearing within 72 hours of Patterson’s arrest as required by Rule 7.5, Ala. R.Crim. P. I, however, believe that this error does not mandate that this Court grant Patterson’s petition because Patterson was eventually granted a hearing. See Ex parte Bartlett, 848 So.2d 1024, 1026 (Ala.Crim.App.2002) (holding that any error in the failure to hold a bail-revocation hearing within 72 hours was cured by a subsequent hearing in which the accused was provided "the opportunity to present evidence to support his release from custody”).