*Ex parte* HOLBROOK, FESSENDEN, ADAMS and LEE.

ON appeal to the C. P. of Jefferson county by Holbrook,      S P.
Fessenden, Adams and Lee, against W. & I. Symonds, the   A   general
Court quashed the appeal, because the appeal bond was  power to de-
executed by C. Rice, as attorney for Holbrook and Fessen- will not autho-
den.   It appeared in that Court, that the bond was duly ney to execute
executed by the other two appellants ; and that Rice had a in the name of
                                                        his client.

power from Holbrook and Fessenden, who resided in Ver mont to do every thing necessary and proper to be done in defending any suit or suits brought, or which ·might be brought against them.. The bond was duly executed by the proper surety, approved by the justice who tried the cause.

*S. M. Hopkins* moved for a mandamus, commanding the Court of Common Pleas to set aside the rule quashing the appeal, and proceed upon it. He noticed the argument in the last cause which had been drawn from the provision of the statute concerning writs of error, in favor of absent persons. But he said this provision was not necessary. The English statute relative to writs of error upon judgments in dower or ejectment, from which ours was taken, contained no such provision ; and yet an absent party had been excused from entering into the recognizance. Good security by third persons was holden enough. (2 Crompt. Pr. 349, 350, 1.) But in this case the attorney had authority to execute the bond.

*Talcott,* (Attorney General,) contra, said, a general authority to defend would not extend to the execution of a bond.

One of several parties cannot appeal. It would be dangerous to allow such a practice, by which his co-party may be condemned in an increased judgment, without his knowledge or consent. The case from Crompton was one of a recognizance not executed by a party at all. Will this Court go so far in the case of an appeal ? We trust they will not legislate, because the English Courts have done so.

This case was argued after the next preceding one of *The People* v. *The Judges of Dutchess ;* but before that was decided. In this case, also,

The Court held the bond to be sufficient ; and

SUTHERLAND, J. remarked, in giving the opinion of the Court, that it involved the same point with that ; for it was clear that a general power to defend all causes, &c., would not authorize the attorney to execute an appeal bond in the name of his client.

Rule for a mandamus