# *Ex parte* McAnally.

### *Habeas Corpus.*

1. *Bail.*—The common law rule as to bail in capital and other felonies stated.

2. *Same; right to*—Under the Constitution and laws of Alabama, every person charged with crime, whether before or after indictment found, is entitled to bail before conviction as matter of right, except when the offense may be punished capitally; and even then, if the proof is not evident or the presumption great, of defendant's guilt, he should be enlarged on bail.

3. *Same.*—If the offense may be punished capitally, the only inquiry is—"Is the proof evident or the presumption great" of defendant's guilt? If the evidence is clear and satisfactory, leading a well guarded judgment to the conclusion that the offense has been committed by the person charged;

and that being tried he would probably be punished capitally, bail is not a matter of right.

4. *Same; rule as to.*—No safer rule can, perhaps, be laid down for the guidance of primary courts than that bail should be denied whenever the judge would sustain a capital conviction, if pronounced by a jury, on the evidence adduced before him on application of bail.

5. *Refusal of bail; when not revised.*—A revisory court will not lightly interfere with the judgment of a primary tribunal in refusing bail. Unless it is clear that it has erred, its judgment should be permitted to stand.

The petitioner, McAnally, was in custody, charged with rape. Bail having been refused him by the probate judge, he now renews his application to this court.

HAMILL & DICKINSON, for petitioner.—McAnally is entitled to bail as a matter of right, unless the evidence leads the minds of the court to the conclusion that he would be punished capitally, on a trial for the offense; and the evidence in this case leaves it in doubt. Revised Code, §§ 4234, 4235; *Ex parte Banks*, 28 Ala. 99; *Ex parte McCrary*, 28 Ala. 71; *Ex parte Howard*, 30 Ala. 43; *Ex parte Bryant*, 34 Ala. 277.

JOHN W. A. SANFORD, Attorney General, *contra*.

BRICKELL, C. J.—By the common law all offenses, however high, including murder and other felonies, and treason, were and still are bailable, before indictment found; though not as matter of right in cases of capital felonies, but as matter of judicial discretion. The facts and circumstances of each particular case, regulated in a large degree the exercise of the discretion. Judicial decision established it as a rule, that one accused of a capital felony should be admitted to bail whenever, upon examination of the evidence, the presumption of guilt was not strong. But whether the felony was capital or not, if there was no reasonable doubt of guilt, bail was not allowed. It is said by Hawkins (Pleas of the Crown, B. 2, ch. 15, § 40): "Bail is only proper where it stands indifferent whether the party be guilty or innocent of the accusation against him, as it often does before his trial; but when that indifferency is removed, it would, generally speaking, be absurd to bail him." The evidence producing this indifferency, the legal presumption of innocency was allowed to prevail. In *Ex parte Baromut*, 16 Eng. L. & Eq. 365, it is said by Erle, J.: "The principle has been fully laid down already, that where a crime is of the highest magnitude, the evidence in support of the charge strong, and the punishment the highest known to the law, the court will not interfere to admit him to bail.

[*Ex parte* McAnally.]

Where either of these ingredients is wanting, the court has a discretion which it will exercise." Mr. Bishop, in his book on "Criminal Procedure," says the following statement may be accepted as substantially correct: "When felony was punishable, as of course, by death, if there was reason to believe the party seeking bail was guilty, no bail whatever could be accepted for him; because, in the language of scripture, 'all that a man hath will he give for his life'; and to take bail, and so let the felon escape, as it was supposed he would do, would be in effect for the court to overrule the law, and accept of a fine instead of the life of the offender, as punishment for the offense." 1 Bish. Cr. Pr. § 255. In the *People* v. *Dixon*, 4 Parker, C. C. 651, it is said, in case of felony the prisoner is not to be let to bail, as matter of right, and the court should not bail him unless it appears, upon all the facts, that letting to bail will, in all reasonable probability, secure his forthcoming. The probability is deducible from the facts touching his guilt. See also *People* v. *Horne*, 8 Barb. 158; *Ex parte Tayloe*, 5 Cow. 35; 1 Bish. Cr. Pr. §§ 247–264; *Ex parte Bryant*, 34 Ala. 270.

These principles of the common law are materially changed with us by constitutional and statutory provision. The bill of rights declares: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, where the proof is evident, or the presumption great." The statutory provisions are: "A defendant cannot be admitted to bail, where he is charged with an offense which may be punished by death, if the court or magistrate is of opinion, on the evidence adduced, that he is guilty of the offense in the degree punished capitally," &c. R. C. § 4234. "In all others cases than those above specified, the defendant is, before conviction, entitled to bail as a matter of right." R. C. § 4235. The policy pervading our jurisprudence is to commit as little as possible to judicial discretion—"that system of law is best which confides as little as possible to the discretion of the judge—that judge the best who relies as little as possible on his own opinion." Under these constitutional and statutory provisions, bail becomes a matter of right, whether before or after indictment found, until conviction is had, in all criminal accusations, unless the offense may be punished capitally. The inquiry in this respect is not whether the punishment which must follow conviction is necessarily death. A felony is here defined as "a public offense which may be punished by death, or by confinement in the penitentiary." With one exception, even when the offense may be punishable with death (R. C. § 3902), it is

[*Ex parte* McAnally.]

within the discretion of the jury to impose that punishment, or imprisonment in the penitentiary for life. Hence, it cannot be known, until after conviction, whether death will be the punishment. The question, in legal contemplation, is on an application for bail, therefore, whether the offense is of the character which may be punished capitally. *Ex parte McCrary*, 22 Ala. 65. Ascertaining that to be the character of the offense imputed to the accused, the next inquiry is, is "the proof evident, or the presumption great," of the defendant's guilt. If it be not, whatever may be the probable cause to detain him to answer before a tribunal competent finally to adjudge the inquiry, he is entitled not to a discharge, but to bail. If the proof is evident, or the presumption great—if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right. The constitution of Pennsylvania does not materially vary in language, and certainly not in significance, from our bill of rights. In *Commonwealth* v. *Keeper of Prison*, 2 Ashm. 227, it is declared that it is a safe rule to refuse bail in all cases, where a judge would sustain a capital conviction, if pronounced by a jury, on the evidence exhibited to him. The decision was cited with approbation by the supreme court of Ohio, under a constitutional provision identical with ours (*State* v. *Summons*, 19 Ohio, 139), and was referred to approvingly by this court in *Ex parte Bryant*, 34 Ala. 270. Perhaps no more intelligible rule can be laid down for the guidance of the primary courts. When the question is presented to a revisory court, much is due to the judgment of the primary tribunal. The witnesses are personally before it, and the examination is usually had near the scene of the alleged offense, and in the midst of the circumstances attending the transaction. In all investigations of criminal accusations, much depends on the manner in which the witnesses testify, the feeling of partiality or prejudice they may maniifest, and their general demeanor. These the primary court has the opportunity of observing, and it should be clear that it has erred in its judgment, or a revisory court should abstain from interference.

The offense imputed is rape, punishable either by death, imprisonment in the penitentiary for life, or by hard labor for the county for life. R. C. § 3661. We have carefully examined the evidence disclosed in the bill of exceptions, and without intending to express an opinion which should

[Marks v. Cowles.]

affect the final trial, we cannot say we are convinced the probate judge clearly erred in refusing bail.

The application must be denied.