## ROWAN v. RANDOLPH, U. S. Marshal for Eastern District of Wisconsin.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1920.)

No. 2890.

Bail ☞42—Accused cannot be denied bail, because of previous absconding, after release on bail.

The provision of Rev. St. § 1015 (Comp. St. § 1679), that bail shall be admitted upon all arrests, where the offense is not punishable by death, is mandatory, especially in view of the permissive language in section 1016 (section 1680), relating to bail in capital cases, so that the District Court had no discretion to refuse bail to one indicted for using the mails in furtherance of a scheme to defraud, though accused had been twice before arrested, and had absconded after being released on bail; the remedy being to fix an amount of bail sufficient to prevent absconding, by analogy to the authority of section 1019 (section 1683), which provides for increase of bail when proof is made that accused is about to abscond.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Habeas corpus proceeding by Charles H. Rowan against Samuel W. Randolph, United States Marshal for the Eastern District of Wisconsin, to procure his release on bail. From an order quashing the writ, and remanding petitioner to custody, petitioner appeals. Reversed and remanded.

See, also, 268 Fed. 529.

Raymond J. Cannon and A. W. Richter, both of Milwaukee, Wis., for appellant.

H. A. Sawyer, of Milwaukee, Wis., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Appellant is under indictment for having used the mails in furtherance of a scheme to defraud, and is in the custody of appellee as marshal. On his application to be admitted to bail the District Judge refused to enlarge him. Thereupon he filed in the District Court his petition for a writ of habeas corpus, and the writ was issued. In appellee's return to the writ he showed that appellant had once before been arrested under the same indictment, had been admitted to bail, and then had fled to Canada; that Canada had seized him and had deported him as an undesirable alien; that on his return to this country he had been arrested, and is now in the custody of appellee; and that some years ago he had been arrested under a federal indictment at Detroit, had given bail, and had fled from that jurisdiction and forfeited his bail. Appellant's demurrer to this return was overruled, the writ was quashed, and appellant was remanded to the custody of appellee. This appeal is brought to question the correctness of that ruling.

In our judgment the inescapable answer is found in the commands of Congress. Section 1015 of the Revised Statutes (Comp. St. § 1679), directs that bail *shall* be admitted upon all arrests in criminal cases where the offense is not punishable by death. Under section 1016 (section 1680) bail *may* be admitted upon all arrests in criminal cases where the punishment may be death, but in such cases it shall be taken only by the Supreme Court or by a Circuit Court, or by a justice of the Supreme Court, a Circuit Judge, or a judge of a District Court, who shall exercise their discretion therein, having regard to the nature and circumstance of the offense, and of the evidence, and to the usages of law. And in section 1019 (section 1683) it is provided that when proof is made that a person previously admitted to bail is about to abscond, and that his bail is insufficient, the judge shall require such person to give better security, or, for default thereof, cause him to be committed to prison.

Taking these sections together, we find the intent of the lawmakers to declare that a person under indictment for a noncapital offense shall not be imprisoned prior to his trial if he is willing and able to give bail. The word "shall" in section 1015 is mandatory. This is apparent not only from the word itself, but from the contrast with the permissive word "may" in section 1016. To abscond and forfeit one's bail is not included in the list of federal crimes. Even if it were, a person could not be punished therefor by imprisonment in advance of his indictment, trial, and sentence for that offense. If he were indicted for absconding and forfeiting bail, he would be absolutely entitled to be set at large pending his trial upon furnishing bail, unless the punishment for such absconding was death.

Refusal to admit appellant to bail means that the District Court has adjudged a forfeiture of appellant's otherwise clear right under

section 1015 solely by reason of finding that there is such a high degree of probability that appellant will again abscond that he should now be held without bail. It seems to us utterly immaterial on what character of evidence the trial court should base a finding that there is a high degree of probability that a defendant in a noncapital case will abscond. The question is what is the duty of the trial court when any showing is made that would justify such a finding of probability. And the answer is found in section 1019. It then becomes the duty of the judge to exercise his sound discretion under the law in fixing the amount of the bail. That is as far as his discretion goes. Taking all of the circumstances into consideration the trial court should fix the bail at such an amount as would be reasonably likely to assure the presence of the defendant when the case is called for trial.

The order is reversed, and the cause remanded for further proceedings in consonance with this opinion.