28 So.2d 653

## PARRISH v. STATE.

### 7 Div. 889.

Court of Appeals of Alabama.

Jan. 7, 1947.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

This is an appeal from a judgment in the court below denying bail to the appellant. The basis for the habeas corpus proceeding is an indictment charging rape.

The prosecutrix, a young lady about 18 years of age, testified that the accused, assisted by his brother, forced her at the point of a pistol into an automobile, securely tied her hands, and in the car the former raped her.

That she was mistreated by some one is not only disclosed by the girl's own testimony but also by the evidence given by a man who found her at the place where she claimed she was thrown out of the automobile by the appellant and his brother. The witness testified that he was attracted by the outcries of the young lady and when he went to her rescue he found her lying in a ditch, partly undressed, with strings tied around her wrists, and in a frightened and excited physical state.

Appellant did not testify on the hearing and neither did his brother. Some working companions gave evidence that the accused was with them at work at the time it is contended the offense occurred.

We have attempted to outline the tendencies of the evidence without much detail. This we have done in order to follow our accustomed practice of refraining from discussing the testimony or giving our impressions of its import when appeals of this nature are considered by this court.

Habeas corpus proceedings are often reviewed by the appellate courts, and each case, of course, bears facts dissimilar to any other one. It would not serve a useful purpose or contribute any authoritative value for us to again discuss the legal principles involved.

The primary court had the privilege to personally observe the demeanor and manner of the witnesses as they testified on the hearing below. Obviously, this is an advantage which is not afforded us by the written report of the testimony. Ex parte McAnally, 53 Ala. 495, 25 Am.Rep. 646.

We considered the evidence in this case sitting en banc before this opinion was prepared. We reached the conclusion that the judgment of the trial judge should not be disordered. It is therefore affirmed.

Affirmed.