53 So.2d 751

**HOLMAN v. WILLIAMS, Sheriff, et al.**

4 Div. 659.

Supreme Court of Alabama.

July 12, 1951.

Clayton & LeMaistre, Eufaula, P. C. Clayton, Clayton and Sam A. LeMaistre, Eufaula, and S. B. Lippitt, Albany, Ga., for appellant.

Si. Garrett, Atty. Gen., for appellee.

PER CURIAM.

The appeal is from an order of the judge of the Circuit Court of Barbour County, Alabama, denying appellant bail in a habeas corpus proceeding.

The appellant is now under indictment returned by the grand jury of Barbour County charging appellant with the offense of kidnapping, and kidnapping with intent of obtaining money or property for release of person kidnapped. §§ 6 and 7 of Title 14, Code of 1940.

The Bill of Rights, section 16 of the Constitution of Alabama of 1901, reads: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great, and that excessive bail shall not in any case be required." And section 17 of the Constitution of 1901 provides, "That the privilege of the writ of habeas corpus shall not be suspended by the authorities of this state."

Section 195, Title 15, Code of 1940, directs that "A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense [charged] in the degree punishable capitally * * *."

Conviction for the offense charged in counts one and two of the indictment, under section 7, supra, carries the death penalty or imprisonment in the penitentiary for not less than five years, at the discretion of the jury trying the case. Conviction for the offense charged in count three of the indictment carries the penalty of not less than two or more than ten years in the penitentiary.

Elemental legal principles of course prohibit an interpretation of section 195, supra, as limiting the right guaranteed by section 16 of the Constitution that an accused is entitled to bail "except for capital offenses, when the proof is evident or the presumption great".

In Ex parte McCrary, 22 Ala. 65, it was said: "The question, in contemplation of law, to be tried by the magistrates, on an application for bail, was not wheth-

er the accused must necessarily be punished with death—because this they could not know until after the trial—but whether he might be so punished, and probably would be under the proof."

And in Ex parte McAnally, 53 Ala. 495, Brickell, J., stated the rule which has been followed in numerous cases, as follows: "* * * The question, in legal contemplation, is on an application for bail, therefore, whether the offense is of the character which may be punished capitally. Ex parte McCrary, 22 Ala. 65. Ascertaining that to be the character of the offense imputed to the accused, the next inquiry is, is 'the proof evident, or the presumption great,' of the defendant's guilt. If it be not, whatever may be the probable cause to detain him to answer before a tribunal competent finally to adjudge the inquiry, he is entitled not to a discharge, but to bail. If the proof is evident, or the presumption great—if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right."

 Our jurisdiction in the instant cause is appellate only, and our consideration therefore is confined to the record before us containing the evidence that was before the lower court on the trial of the habeas corpus proceeding. For perfectly obvious reasons we deem it unwise to discuss the evidence. Suffice it to say, we have carefully examined the evidence and are clear to the conclusion that, upon that evidence and under our authorities, the appellant is entitled to bail.

We may also add that the Attorney General, who represents the state on this appeal, has, with commendable candor, after a study of the evidence and the applicable legal principles, expressed the view that in his opinion appellant is entitled to bail.

The judgment of the lower court denying appellant bail is therefore reversed, and it is here ordered that appellant be released from custody upon his furnishing bail in the sum of $10,000.00 to be approved by the judge of the Circuit Court of Barbour County, Alabama, or by the sheriff of said county, in compliance with section 194, Title 15, Code of 1940.

Reversed and remanded with instructions.

LIVINGSTON, C. J., and LAWSON, SIMPSON and STAKELY, JJ., concur.