89 So.2d 191

Wesley **ADAMS**

v.

**STATE.**

**7 Div. 322.**

Supreme Court of Alabama.

Aug. 2, 1956.

Roberts & Orme, Gadsden, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

STAKELY, Justice.

This is an appeal by Wesley Adams (petitioner), charged with murder in the first degree, from denial of bail by Circuit Judge A. B. Cunningham of the Etowah County Circuit Court.

On June 4, 1956, petitioner was charged by affidavit issuing from the County Court of Etowah County with murder in the first degree. Apparently without hearing, the judge of the county court denied bail. Petition for habeas corpus was filed by petitioner on June 5, 1956, in the Circuit Court of Etowah County. The writ of habeas corpus issued and after a hearing by the circuit judge, bail was denied to petitioner.

The appeal here is from the foregoing ruling.

On the trial of the case the State of Alabama offered the affidavit and warrant charging petitioner with murder.

The only testimony offered by the petitioner was the testimony of Willie C. Green. According to Green's testimony petitioner, on Sunday night, June 3, 1956, stated to the witness that he was going to the house of Albert Lee Brown, Sr., deceased, to get $20 that petitioner had lost there. Petitioner stated to the witness that the deceased, Brown, took his $20.

Petitioner, armed with a 12-gauge shotgun, went to Brown's house and remained in an automobile about 25 or 30 feet from the front door. Witness Green entered the house and talked to the wife of deceased. Deceased went to his front door, started opening the screen, cursed petitioner, and told petitioner to stay away from his house. At that instant, while deceased was standing at his front door and petitioner was about 25 or 30 feet from deceased and in an automobile, petitioner fired a 12-gauge shotgun, which he usually carried in his car. There was a fence between petitioner and deceased. At the time of the killing, petitioner was using a crutch or walking stick, was about 42 years of age, weighed about 170 pounds, while deceased was about the same age, stout and weighed about 215 pounds. The State offered evidence that petitioner pleaded guilty to the offense of assault with intent to murder in the Circuit Court of Etowah County on March 6, 1952.

Bail should be denied in capital offenses when the proof is evident or the presumption great. Section 16, Constitution of Alabama of 1901; § 195, Title 15, Code of

1940, Pocket Part as amended; Ex parte McAnally, 53 Ala. 495; Benton v. State, 30 Ala.App. 526, 9 So.2d 762, certiorari denied 243 Ala. 274, 9 So.2d 764.

"When the question of bail is presented to a revisory court, much is due to the judgment of the primary tribunal." Ex parte McAnally, supra. The evidence indicates that petitioner, having lost $20 at the home of Lee Brown on a Sunday night and while sitting in an automobile 25 or 30 feet from the house, shot Brown, while Brown was standing in his own front door.

There appears to be no conflict in the evidence as the testimony was presented by one witness, Willie C. Green. There is no proof that the deceased was armed or was close enough to petitioner to do him any bodily harm. The only provocation of the killing, so far as the evidence shows, is that deceased cursed petitioner while standing 30 feet away from him. Proof further shows that petitioner fled the scene of the killing and so far as the record shows, there appear to be no mitigating circumstances.

■. The testimony offered by the State of the plea of guilty in a case of assault with intent to murder in 1952, is irrelevant and was improperly admitted, but the ruling does not constitute reversible error. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. See 8 C.J.S., Bail, § 48, p. 98.

■ As shown in the authorities cited above, if the proof is evident or the presumption great, leading a dispassionate judgment to the conclusion that the offense had been committed and that the petitioner would probably be punished capitally, bail is not a matter of right.

■ Upon consideration, we conclude that bail was properly denied, although we do not intend to express an opinion which should affect the final trial.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.