433

113 So.2d 669

Jimmie Louise Williams BRAKEFIELD,

v.

STATE of Alabama.

6 Div. 452.

Supreme Court of Alabama.

July 2, 1959.

Roderick Beddow, Beddow, Gwin & Embry, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

This is an appeal from an order of Honorable Roy Mayhall, Judge of the Circuit Court of Walker County, denying appellant bail in a habeas corpus proceeding. The

appeal is brought in accordance with Code 1940, Tit. 15, § 369, as amended by Act No. 60, appvd. June 21, 1955, Acts 1955, Vol. 1, p. 294.

On May 22, 1955, appellant was committed to jail by the sheriff of Walker County pursuant to a warrant of arrest issued out of the Court of Common Pleas of Walker County charging appellant with murder in the first degree. On May 30, 1959, appellant filed a petition for habeas corpus in the Circuit Court of Walker County seeking her release on bail. A writ was duly issued. The sheriff then made a return to the writ stating that he was holding appellant by virtue of the foregoing warrant of arrest. An oral hearing was then had before Judge Mayhall on June 11, 1959, at the conclusion of which he entered an order denying bail. This appeal is from that ruling.

The following from Colvin v. State, 36 Ala.App. 104, 105–106, 53 So.2d 99, is a clear exposition of the principles applicable in the instant case, viz.:

"Section 16 of the Alabama Constitution of 1901 provides: 'That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great'. This is a part of the Bill of Rights of our Constitution.

"Section 195, Title 15, Code of Alabama 1940, erects an additional, though somewhat vague guidepost for the judge in considering the matter of allowance or disallowance of bail, in directing that 'A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense [charged] in the degree punishable capitally * * *.'

"Elemental legal principles of course prohibit an interpretation of this code section as limiting the basic right guaranteed in and under the terms of the Constitution, that is, that an accused is entitled to bail as an absolute right, subject to the limitation appearing in the terms of the Constitution itself that he should be denied bail where the 'proof is evident' or 'the presumption great'.

"There are numerous decisions of our Supreme Court, and of this court, stating in general terms that it is proper to deny an application for bail when the judge hearing the application would sustain a verdict of guilty and the imposition of the death penalty by a jury on the evidence presented in the hearing on the application for bail.

"The real content of such generalization is made clearer by resort to some of our earlier cases.

"In Ex parte McCrary, 22 Ala. 65, decided in 1853, the rule is stated as follows: 'The question, in contemplation of law, to be tried by the magistrates, on an application for bail, was not whether the accused must necessarily be punished with death—because this they could not know until after the trial—but whether he might be so punished, and *probably* would be under the proof.' (Italics ours).

"In 1875, in Ex parte McAnally, 53 Ala. 495, Brickell, J., one of our clearest expositors of the law, in an opinion freely cited since in numerous of our cases, stated the rule in the following language:

" '* * * The question, in legal contemplation, is on an application for bail, therefore, whether the offense is of the character which may be punished capitally. Ex parte McCrary, 22 Ala. 65. Ascertaining that to be the character of the offense imputed to the accused, the next inquiry is, is "the proof evident, or the presumption great," of the defendant's guilt. If it be not, whatever may be the probable cause to detain him to answer before a tribunal

competent finally to adjudge the inquiry, he is entitled not to a discharge, but to bail. If the proof is evident, or the presumption great—if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, *and that he would probably be punished capitally if the law is administered,* bail is not a matter of right.' (Italics ours).

"The above doctrines we think make it clear that the true meaning of 'when the proof is evident or the presumption great' to be that bail must be allowed unless the evidence is clear and strong and would lead to a well guarded and dispassionate judgment reasonably compelling the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would *probably* be punished capitally if the law is administered.

"Such also seems to have been the interpretation of the courts of our sister States placed on similar provisions in their respective constitutions. See 8 C.J.S., Bail, § 34, p. 56, Note 14; Vol. 34, Words and Phrases, 'Proof is Evident.'

"We judicially know that frequently a Solicitor will agree to, or will recommend the allowance of bail in capital cases in which the evidence would warrant the death penalty, when the Solicitor has reasonable grounds to believe that if punishment were administered in accordance with the prevailing standards of punishment employed by juries there was little or no probability that any jury would impose the extreme penalty."

See also Holman v. Williams, 256 Ala. 157, 53 So.2d 751.

We have carefully considered the evidence and are of the opinion, in the light of the applicable legal principles, that appellant is entitled to bail. For obvious reasons, we do not discuss the evidence.

The judgment denying appellant bail is reversed, and it is hereby ordered that appellant be released from custody upon her furnishing bail in the amount of $10,000 to be approved by the circuit judge below or by the sheriff of Walker County, as provided for in § 194, Tit. 15, Code 1940, as amended by Act No. 199, appvd. July 8, 1949, Acts 1949, p. 230.

Reversed and remanded with instructions.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.

LAWSON, J. dissents.