122 So.2d 559

**John V. WILBANKS**

v.

**STATE.**

**5 Div. 594.**

Court of Appeals of Alabama.

Aug. 11, 1960.

Goodwyn & Smith, Montgomery, and Geo. P. Howard, Wetumpka, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PER CURIAM.

John Wilbanks is in custody of the Sheriff of Elmore County under an indictment for first-degree murder presented by the grand jury of that county charging him with killing Barbara Lucas King with a gun. The Honorable Edwin Sanford, Judge of the Elmore County Court, after a hearing on a petition for habeas corpus for bail, denied the writ.

Our decision in Colvin v. State, 36 Ala. App. 104, 53 So.2d 99, lays down what we consider to be the principles for the interpretation of § 16 of the Constitution which reads as follows:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

The punishment for first-degree murder is either death by electrocution or imprisonment for life in the penitentiary. Code 1940, T. 14, § 318. The choice between penal servitude and electrocution is set by the Legislature to be "at the discretion of the jury."

The rule of the Colvin case did not purport to preclude the denial of bail in all but uncontested capital cases. The constitutional exceptions of evident proof or great presumption remain.

Also, much weight is given the judgment of the court below. Ex parte McAnally, 53 Ala. 495; Adams v. State, 264 Ala. 654, 89 So.2d 191. In Holmes v. State, 39 Ala.App. 422, 102 So.2d 673, we said:

"Where one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof. * * *" Citing cases.

Where (as here) a trial before a petit jury is pending, it has been our practice not to discuss the tendencies of the evidence on the proceeding for bail. Holman v. Williams, 256 Ala. 157, 53 So.2d 751. However, we have read and studied with care the entire record consisting of the pleadings and all of the testimony certified to us from the court below.

Considering this record solely from the point of view of the defendant's right to bail under § 16, supra, we conclude, in view of the contradictory state of the evidence, the presumption attending the indictment and the conclusion of the trial judge, that the judgment below is due to be

Affirmed.