Appellant was indicted by the Houston County Grand Jury for felony possession of marijuana and receiving stolen property in the second degree. He was arrested and released on bond. Trial was set for March 24, 1983, at which time appellant failed to appear. His bond was forfeited and alias writs of arrest were issued. Appellant was re-arrested on May 27, 1983, and has been in custody since that time.
Appellant filed a petition for writ of habeas corpus alleging that he was being illegally deprived of bail. After a hearing, the petition was denied. Appellant filed both a notice of appeal and a petition requesting the trial court to set an appeal bond. The court denied the appeal bond. Appellant appealed the denial of appeal bond which, in turn, was affirmed without opinion by this court. The court now addresses the appeal from the denial of the writ of habeas corpus.
Appellant was ordered to be in court at 8 a.m. on May 24, 1983. The evidence indicates that he arrived later that morning but failed to inform any court officials of his presence. For some undisclosed reason, appellant's wife was taken into custody while he was in another part of the court house. Upon learning that his wife had been taken into custody, appellant "panicked" and fled the building. He was arrested three days later, evidently without having attempted to leave Houston County. *Page 1201 
The only issue on appeal is whether appellant is entitled to bail a second time on the same non-capital case once there has been a forfeiture of the initial bond. This is a case of first impression in this State.
The Constitution of the State of Alabama provides "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." Ala. Const. art. I, § 16. Additionally, § 15-13-2, Code of Alabama 1975, states that "In all cases other than those specified in subsection (a) of section 15-13-3, a defendant is, before conviction, entitled to bail as a matter of right." Subsection (a) of § 15-13-3 deals with capital cases. The courts of this State have consistently construed the statute and constitutional provision as ensuring to an accused an absolute right to bail. Brakefield v. State,269 Ala. 433, 113 So.2d 669 (1959); Holman v. Williams,256 Ala. 157, 53 So.2d 751 (1951); Sprinkle v. State, 368 So.2d 554
(Ala.Cr.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979).
Although the authorities from other jurisdictions are split, the weight seems to be in favor of those who give the defendant the right to make bail a second time. One of the cases giving this right is Rowan v. Randolph, 268 F. 527 (7th Cir. 1920). There, the defendant "jumped" bail and went to Canada for a year before being deported back to this country. The defendant was then refused bail a second time on the same charge. The Seventh Circuit said:
 "In our judgment the inescapable answer is found in the commands of Congress. Section 1015 . . . directs that bail shall be admitted upon all arrests in criminal cases where the offense is not punished by death. . . . It seems to us utterly immaterial of what character of evidence the trial court should base a finding that there is a high degree of probability that a defendant in a non capital case will abscond. (Original emphasis.) 268 F. at 528, 529.
Another early case is Ex parte McDaniel, 86 Fla. 145,97 So. 317 (1923). There, the appellant had twice before failed to appear on the charge then pending against him, and his bonds had been forfeited each time. That court held that the language of their constitution regarding bail was mandatory. It provided that "All persons shall be bailable by sufficient sureties, except for capital offenses." 97 So. at 317. The court held that a denial of the right to bail is a deprivation of liberty without due process of law. The court did indicate, however, that there may be cases in which the right to bail could be forfeited, but that this was not one of those cases.
The leading case on this point is Wallace v. State, 193 Tenn. 182, 245 S.W.2d 192 (1952). The fact situation there was similar to the two prior cases. The defendant had jumped bail and gone to another state. While in the other state, he was picked up for a charge allegedly committed prior to the time he committed the offense for which he was then out on bail. The court quoted a pertinent part of the state constitution, which said, "all prisoners shall be bailable by sufficient sureties, unless for capital offenses. . . ." Tenn. Const. art. I § 15. The court then held the section to be mandatory and, therefore, bail could not be denied, except for capital cases, even when a former bond on the same charge had been forfeited. That court, as did the Florida court, indicated that a defendant could forfeit this right to bail but that the forfeiture must be made to appear by affirmative evidence.
A more recent case is Gallagher v. Butterworth, 484 F. Supp. 1278
(S.D.Fla. 1980). There, again, the appellant had failed to appear, this time for drug charges. He had moved to Ohio to avoid prosecution and had remained there for over a year before being returned to Florida. The federal court, applying Florida law, said the provisions of the particular constitution were mandatory, and that the trial court did not have any discretion other than in a capital offense. The court also noted that Rule 3.130 of the Florida Rules of Criminal Procedure stated that persons accused of bailable crimes *Page 1202 
"shall be entitled as of right to be admitted to bail before conviction." The federal court went on to say:
 "The Federal Constitution does not establish an absolute right to bail prior to conviction. As for those offenses, however, for which the state has guaranteed bail, the state may not thereafter `engage in such administration as arbitrarily or discriminatorily to effect denial or deprivation of the right to a particular accused.' Mastrian v. Hedman, 326 F.2d 708, 711 (8th Cir. 1964)." 484 F. Supp. at 1280.
The leading case espousing the opposing view is Mello v.Superior Court, 117 R.I. 578, 370 A.2d 1262 (1977). Article I, section 9, of the Rhode Island Constitution provides that "All persons imprisoned ought to be bailed by sufficient surety, unless for offenses punishable by death or by imprisonment for life. . . ." That court did not view the constitutional language as mandatory. Citing the ABA Project on Minimum Standards of Criminal Justice, Standards Relating to PretrialRelease, § 5.7 Commentary (approved draft, 1968), the Rhode Island Supreme Court reasoned that where the defendant is shown to have violated a condition related either to risk of nonappearance or criminal activity, the trial court would be authorized to revoke release. The court, again adopting the reasoning of the ABA Project, supra, said that whatever force constitutional arguments against preventive detention have is diminished if the defendant has been released and demonstrated a deliberate intent to violate reasonable restrictions aimed at protecting public safety.
A case relied on by the Rhode Island court was People Ex Rel.Hemingway v. Elrod, 60 Ill.2d 74, 322 N.E.2d 837, 840, 841
(1975). Although not exactly on point, the case held that:
 "In our opinion the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate. . . . Thus keeping an accused in custody pending trial to prevent interference with witnesses or jurors or to prevent the fulfillment of threats has been approved. [Citations omitted] Also, if a court is satisfied by the proof that an accused will not appear for trial regardless of the amount or conditions of bail, bail may be properly denied. [Citations omitted]"
There are other cases in which a second bail has been denied, but these usually involve a state statute that gives the trial court discretion in granting or refusing bail. State v.Churchill, 133 Vt. 338, 341 A.2d 22 (1975), is an example of that type of case.
After reviewing the cases on point, it seems clear that the constitution, statutes, and cases in this State give a defendant an absolute right to bail in non-capital cases. We feel the reasoning of the court in Wallace, supra, is consistent with the intent and spirit of the laws. Although the court found the right to bail on a non-capital case to be absolute, even when there had previously been a forfeiture of bail on the same charge, it also said that an accused could forfeit his constitutional right to bail if it appeared that he had done so through affirmative evidence. This court opines that engaging in felonious criminal activity while out on bail is an example of such affirmative evidence. Mere failure to appear in court would not suffice.
Even though the defendant, upon failing to appear, would again be entitled to bail, the State is not without its remedies. As the court said in Wallace, supra, the trial judge can raise the amount of the second bond, require additional sureties, and add additional conditions as seems necessary.
The order of the lower court is reversed with instructions that the trial judge set bond in an amount he deems appropriate under the circumstances.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 1203