TAYLOR, Presiding Judge.
The petitioner, Demond Carol Singleton, filed this petition for a writ of habeas corpus after Judge J. Richmond Pearson, reset his bond from $2,000 to no bond. The petitioner was indicted for possession of a controlled substance. His bond in district court was set at $2,000. After he was indicted, bail remained fixed at the amount set by the district court. At a pretrial conference, Judge Pearson, apparently on his own motion, determined that the petitioner’s bail was inadequate, and he revoked the petitioner’s bail.
In Shabazz v. State, 440 So.2d 1200, 1201-02 (Ala.Cr.App.1983) this court stated:
“The Constitution of the State of Alabama provides ‘That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.’ Ala. Const. art. I, § 16. Additionally, § 15-13-2, Code of Alabama 1975, states that ‘In all cases other than those specified in subsection (a) of section 15-13-3, a defendant is, before conviction, entitled to bail as a matter of right.’ Subsection (a) of § 15-13-3 deals with capital cases. The courts of this State have consistently construed the statute and constitutional provision as ensuring to an accused an absolute right to bail. Brakefield v. State, 269 Ala. 433, 113 So.2d 669 (1959); Holman v. Williams, 256 Ala. 157, 53 So.2d 751 (1951); Sprinkle v. State, 368 So.2d 554 (Ala.Crim.App.1978), writ quashed, 368 So.2d 565 (Ala.1979).
“Although the authorities from other jurisdictions are split, the weight seems to be in favor of those who give the defendant the right to make bail a second time....
[[Image here]]
“The leading case on this point is Wallace v. State, 193 Tenn. 182, 245 S.W.2d 192 (1952). The fact situation there was similar to the two prior cases. The defendant had jumped bail and gone to another state. While in the other state, he was *257 picked up for a charge allegedly committed prior to the time he committed the offense for which he was then out on bail. The court quoted a pertinent part of the state constitution, which said, ‘all prisoners shall be bailable by sufficient sureties, unless for capital offenses_’ Tenn. Const. art. I § 15. The court then held the section to be mandatory and, therefore, bail could not be denied, except for capital cases, even when a former bond on the same charge had been forfeited. That court, as did the Florida court, indicated that a defendant could forfeit this right to bail but that the forfeiture must be made to appear by affirmative evidence.
[[Image here]]
“After reviewing the cases on point, it seems clear that the constitution, statutes, and cases in this State give a defendant an absolute right to bail in non-capital cases. We feel the reasoning of the court in Wallace, supra, is consistent with the intent and spirit of the laws. Although the court found the right to bail on a non-capital case to be absolute, even when there had previously been a forfeiture of bail on the same charge, it also said that an accused could forfeit his constitutional right to bail if it appeared that he had done so through affirmative evidence. This court opines that engaging in felonious criminal activity while out on bail is an example of such affirmative evidence. Mere failure to appear in court would not suffice.”
(Emphasis added.)
The trial court made no findings as to the reasons for revoking the petitioner’s bail. This cause is, therefore, remanded to the Circuit Court for Jefferson County for that court to make written findings as to its reasons for revoking the petitioner’s bail. Due return should be filed in this court no later than 21 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.