The petitioner, Melvin Sydney Fleming, Jr., filed this petition for a writ of habeas corpus directing the Honorable M. Ashley McKathan, circuit judge for the Twenty-Second Judicial Circuit, to set a reasonable bail in his case. On November 1, 2000, Fleming was arrested and charged with possession of precursor chemicals[1] and possession of a controlled substance. He was released on bail. On November 29, 2000, Fleming was arrested and charged with trafficking in methamphetamine, possession of precursor chemicals, possession of a controlled substance, and possession of drug paraphernalia. He was again released on bail. On December 11, 2000, the district attorney for Covington County moved in the District Court to revoke Fleming's bail alleging that he violated the terms of his November 1 release order. District Court Judge Frank L. McGuire III held a hearing and revoked Fleming's bail. Fleming then filed a petition for a writ of habeas corpus in the circuit court for Covington County. After a hearing, Judge McKathan denied the petition. Fleming then filed this petition, requesting that we set a reasonable bail or that we direct Judge McKathan to set a reasonable bail.
The State has responded by arguing that Judge McKathan complied with the law and that the revocation of Fleming's pretrial bail was proper. It cites Rule 7.5, Ala.R.Crim.P., in support of its contention. We agree.
Art. I, § 16, Alabama Constitution of 1901, provides that every person charged with a noncapital offense has the right to pretrial bail. This section states: *Page 303 
 "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."
The Alabama Supreme Court and this Court have often cited this constitutional provision. Ex parte Bynum, 294 Ala. 78, 312 So.2d 52
(1975); Trammell v. State, 284 Ala. 31, 221 So.2d 390 (Ala. 1969);Daniels v. State, 597 So.2d 1383 (Ala.Crim.App. 1991); Sprinkle v.State, 368 So.2d 554 (Ala.Crim.App. 1978), writ quashed, 368 So.2d 565
(Ala. 1979).
We have recognized that a defendant may forfeit his constitutional right to pretrial bail by his conduct while out on bail. See Shabazz v.State, 440 So.2d 1200 (Ala.Crim.App. 1983). In Shabazz, we stated:
 "The Constitution of the State of Alabama provides `That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.' Ala. Const. art. I, § 16. Additionally, § 15-13-2, Code of Alabama 1975, states that `In all cases other than those specified in subsection (a) of section 15-13-3, a defendant is, before conviction, entitled to bail as a matter of right.' Subsection (a) of § 15-13-3 deals with capital cases. The courts of this State have consistently construed the statute and constitutional provision as ensuring to an accused an absolute right to bail. Brakefield v. State, 269 Ala. 433, 113 So.2d 669
(1959); Holman v. Williams, 256 Ala. 157, 53 So.2d 751
(1951); Sprinkle v. State, 368 So.2d 554
(Ala.Crim.App. 1978), writ quashed, 368 So.2d 565
(Ala. 1979).
". . . .
 ". . . Although the court found the right to bail on a noncapital case to be absolute, even when there had previously been a forfeiture of bail on the same charge, it also said that an accused could forfeit his constitutional right to bail if it appeared that he had done so through affirmative evidence. This court opines that engaging in felonious criminal activity while out on bail is an example of such affirmative evidence. Mere failure to appear in court would not suffice."
440 So.2d at 1201-02 (emphasis added). Cf: Alabama courts have recognized that the following constitutional protections may be waived: (right to counsel at trial) (Clemons v. State, 720 So.2d 985 (Ala. 1998), cert. denied, 525 U.S. 1124 (1999)); (right to counsel and to conduct own defense) (Ex parte Arthur, 711 So.2d 1097 (Ala. 1997)); (right against self-incrimination) (Ex parte Graddick, 501 So.2d 444 (Ala. 1986)); (right to trial by jury) (Arrington v. State, 773 So.2d 500
(Ala.Crim.App. 2000)); (right to speedy trial) (Williams v. State,641 So.2d 1305 (Ala.Crim.App. 1994)).
The philosophy expressed in Shabazz has been incorporated into Rule 7.3(a), Ala.R.Crim.P., and Rule 7.5(b), Ala.R.Crim.P., promulgated by the Alabama Supreme Court.[2] Rule 7.3(a), lists the mandatory conditions of release, once bail has been set. Those mandatory conditions require that a defendant
 "(1) Appear to answer and to submit to the orders and process of the court having jurisdiction of the case;
"(2) Refrain from committing any criminal offense; *Page 304 
 "(3) Not depart from the state without leave of court; and
 "(4) Promptly notify the court of any change of address."
Rule 7.5(b), Ala.R.Crim.P., states:
 "If, after a hearing on the matters set forth in the motion, the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant's release, the court may modify the conditions or revoke the release. If a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, or that there was a misrepresentation or omission concerning other charges pending against the defendant released, the court may modify the conditions of release or revoke the release, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged."[3]
(Emphasis added.)
Judge McGuire, when revoking Fleming's bail, stated the following in his order:
 "The evidence established that on November 1, 2000, the Defendant was charged with the offenses of Possession of Controlled Substance and Possession of Precursor Chemicals. The Defendant made bond the same date and at the time, signed a `Notice of Mandatory Conditions of Release,' putting him on notice of his release conditions. Condition number 2 was that the Defendant `Refrain from committing any criminal offense.'
 "This Court finds that the State established probable cause, through the testimony of Officer Mike Bowlan, that subsequently, on November 29, 2000, the Defendant was in possession of precursor chemicals which were found in his vehicle and was also in constructive possession of over 28 grams of methamphetamine. The Court therefore finds probable cause that the Defendant violated the condition of his November 1, 2000, release that he `Refrain from committing a criminal offense.'
 "It is therefore, ordered that the State's Motion to Revoke Bond is granted and that the bond in the above cases is hereby revoked and that the Defendant is to be held without bond."
Judge McGuire found that there was probable cause to believe that Fleming had committed another offense while on bail. Fleming forfeited his constitutional right to pretrial bail by his felonious conduct while on bail. Furthermore, when revoking bail, the court complied with the provisions of Rule 7.5, Ala.R.Crim.P. Judge McKathan did not err in denying Fleming's petition for a writ of habeas corpus.
For the reasons stated above, this petition is due to be, and is hereby, denied.
PETITION DENIED.
Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] The term "precursor chemical" is defined in § 20-2-180, Ala. Code 1975, as "A chemical substance specifically designated as such by the Alabama State Board of Pharmacy, that, in addition to legitimate uses, is used in the unlawful manufacture of a controlled substance or controlled substances. . . ."
[2] The Alabama Supreme Court promulgates procedural rules pursuant to ruling-making authority granted it by Ala. Const. 1901, Amend. 328.
[3] Rule 7.5, Ala.R.Crim.P., is similar to 18 U.S.C. § 3148, which provides that pretrial release may be revoked if there is probable cause to believe that the defendant has committed a "federal, state, or local crime while on release." Section 3147 of 18 U.S.C. provides that if a defendant commits a crime while on release, the defendant faces a mandatory additional sentence. *Page 305