PER CURIAM.
The petitioner, Rodney Wayne Patterson, filed this petition for a writ of habeas corpus requesting that we reinstate his original bail, which had been revoked. In October 2009, Patterson was arrested for attempted murder; his bail was set at $75,000. In January 2010, Patterson was indicted for attempted murder and his bail, which he had paid, remained the same. In May 2010, the State moved that Patterson’s bail be revoked because, it argued, Patterson had been charged with another offense while he was free on bail for the attempted murder charge, and a condition of his release had been that he not engage in any criminal activity. On May 13, 2010, Judge Pride Tompkins revoked Patterson’s bail. On November 12, 2010, Patterson was found “not guilty” of reckless endangerment [1] — the charge that formed the basis for the revocation of his pretrial bail. Patterson then moved to have his original bail reinstated. After a hearing on November 15, 2010, Judge Tompkins denied Patterson’s motion. This original petition for a writ of habeas corpus followed.
Patterson asserts that he is entitled to remain free on pretrial bail because, he argues, he has been acquitted of the *437 charge that formed the basis for the revocation of his pretrial bail.
“The purposes of bail are to secure the accused’s attendance, and avoid the imprisonment of persons still entitled to a presumption of innocence, among others.
“Since it is not the purpose of the criminal law to confine a person accused of crime before conviction, bail is allowed in recognition of the presumption of innocence until guilt is proved, and is a necessary corollary to the constitutional concept that persons may be imprisoned only after conviction. Bail is intended to enable an accused to remain out of jail until the next proceeding in the case, or until there has been a final disposition of the accusation, and to prepare a defense. Bail also reheves the state of the burden of detaining possibly innocent persons pending trial.”
8 C.J.S. Bail § 6 (2010). “Bail operates to balance the ‘presumption of innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him.’” Ex parte Henson, 131 S.W.3d 645, 647 (Tex. App.2004).
Under Alabama law, an accused has a constitutional right to pretrial bail in all noncapital cases.
“Article I, § 16, Alabama Constitution of 1901, provides: ‘That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.’ This Court has interpreted § 16 as providing an absolute right to bail in all noncapital cases. State v. Blake, 642 So.2d 959, 968 (Ala.1994). See also, Ala. Code 1975, § 15-13-2; Brown v. State, 615 So.2d 1306 (Ala.Crim.App.1993); and Ex parte Jackson, 687 So.2d 222 (Ala.Crim.App.1996).”
Ex parte Colbert, 805 So.2d 687, 688 (Ala. 2001). See § 15-13-3, Ala.Code 1975, which states: “In all cases other than those specified in subsection (a) of Section 15-13-3 [capital cases] a defendant is, before conviction, entitled to bail as a matter of right.”
We have recognized that this constitutional right is subject to forfeiture by the defendant. In Ex parte Fleming, 814 So.2d 302 (Ala.Crim.App.2001), we stated:
“[A] defendant may forfeit his constitutional right to pretrial bail by his conduct while out on bail. See Shabazz v. State, 440 So.2d 1200 (Ala.Crim.App. 1983). In Shabazz, we stated:
“ ‘The Constitution of the State of Alabama provides “That all persons shall, before conviction, be bailable by sufficient sureties,, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.” Ala. Const, art. I, § 16. Additionally, § 15-13-2, Code of Alabama 1975, states that “In all cases other than those specified in subsection (a) of section 15-13-3, a defendant is, before conviction, entitled to bail as a matter of right.” Subsection (a) of § 15-13-3 deals with capital cases. The courts of this State have consistently construed the statute and constitutional provision as ensuring to an accused an absolute right to bail. Brakefield v. State, 269 Ala. 433, 113 So.2d 669 (1959); Holman v. Williams, 256 Ala. 157, 53 So.2d 751 (1951); Sprinkle v. State, 368 So.2d 554 (Ala.Crim.App.1978), writ quashed, 368 So.2d 565 (Ala.1979).
[[Image here]]
“ ‘... Although the court found the right to bail on a noncapital case to *438 be absolute, even when there had previously been a forfeiture of bail on the same charge, it also said that an accused could forfeit his constitutional right to bail if it appeared that he had done so through affirmative evidence. This court opines that engaging in felonious criminal activity while out on bail is an example of such affirmative evidence. Mere failure to appear in court would not suffice.’
“440 So.2d at 1201-02 (emphasis added). Cf: Alabama courts have recognized that the following constitutional protections may be waived: (right to counsel at trial) (Clemons v. State, 720 So.2d 985 (Ala.1998), cert. denied, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 906 (1999)); (right to counsel and to conduct own defense) (Ex parte Arthur, 711 So.2d 1097 (Ala.1997)); (right against self-incrimination) (Ex parte Graddick, 501 So.2d 444 (Ala.1986)); (right to trial by jury) (Arrington v. State, 773 So.2d 500 (Ala.Crim.App.2000)); (right to speedy trial) (Williams v. State, 641 So.2d 1305 (Ala.Crim.App.1994)).
“The philosophy expressed in Shabazz has been incorporated into Rule 7.3(a), Ala. R.Crim. P., and Rule 7.5(b), Ala. R.Crim. P., promulgated by the Alabama Supreme Court. Rule 7.3(a) lists the mandatory conditions of release, once bail has been set. Those mandatory conditions require that a defendant
“ ‘(1) Appear to answer and to submit to the orders and process of the court having jurisdiction of the case;
“‘(2) Refrain from committing any criminal offense;
“‘(3) Not depart from the state without leave of court; and “‘(4) Promptly notify the court of any change of address.’ ”
814 So.2d at 303-04.
Rule 7.5(b), Ala. R.Crim. P., provides, in pertinent part:
“If, after a hearing on the matters set forth in the motion, the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant’s release, the court may modify the conditions or revoke the release. If a ground alleged for revocation of the release is that the defendant released has violated the condition under Rule 7.3(a)(2) by committing a criminal offense, or that there was a misrepresentation or omission concerning other charges pending against the defendant released, the court may modify the conditions of release or revoke the release, if the court finds that there is probable cause (or if there has already been a finding of probable cause) to believe that the defendant released committed the other offense or offenses charged.”
(Emphasis added.) The Committee Comments to Rule 7.5, Ala. R.Crim. P., note that “[t]he rule is not intended to operate as an absolute denial of release where there is probable cause to believe the defendant committed an offense while on release.”
Rule 7.5(b), Ala. R.Crim. P., is patterned after § 18 U.S.C.A. § 3148. This section provides that a court may revoke pretrial bail if there is “probable cause to believe that the person has committed a Federal, State, or local crime while on release.... ” The federal statute further states:
“If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other *439 person or the community.”[2]
18 U.S.C.A. § 3148(b) (emphasis added). See also 8 C.J.S. Bail § 143 (2010). “Once the presumption arises, the ball is in the defendant’s court ... and it is incumbent on the defendant to come forward with some evidence to rebut the presumption.” United States v. Cook, 880 F.2d 1158, 1162 (10th Cir.1989).
Other state courts have addressed the continued validity of a bail revocation when there has been an acquittal on the charge that was the basis for the revocation. Massachusetts law provides:
“If a person is on release pending the adjudication of a prior charge, and the court ... finds probable cause to believe that the person has committed a crime during said period of release, the court shall then determine ... whether the release of said person will seriously endanger any person or the community.... If the court determines that the release of said person will seriously endanger any person or the community ... the court may revoke bail on the prior charge.... Said order shall state in uniting the reasons therefor and shall be reviewed by the court upon the acquittal of the person, or the dismissal of, any of the cases involved.”
Mass. Gen. Laws ch. 276 § 58 (2006) (emphasis added). “The only language in the statute pertaining to any type of review of a revocation order is limited, requiring review (‘shall be reviewed’) ‘upon the acquittal of the person, or the dismissal of, any of the cases involved.’ ” Commonwealth v. Pagan, 445 Mass. 315, 321, 837 N.E.2d 252, 259 (2005).
The Vermont Supreme Court in State v. Mecier, 136 Vt. 336, 339, 388 A.2d 435, 438 (1978), has stated:
“In the case before us ... if the earlier extortion case is dismissed or the defendant is acquitted of the charge, the defendant is then entitled to an immediate review of his bail situation with respect to the present charge. The court then involved would have the usual duty to make every effort to resolve the bail application in favor of some sort of release, no more restrictive than necessary. ...”
Here, Patterson was acquitted of the charge that formed the basis for the revocation of his pretrial bail — the charge was not dismissed or nolle prossed.[3] Given Alabama’s clear preference for pretrial bail in all noncapital cases, we hold that Patterson is entitled to have his original $75,000 bail reinstated. See Shabazz v. State, 440 So.2d 1200 (Ala.Crim.App.1983). Accordingly, this petition for a writ of habeas corpus is hereby granted.
*440 PETITION GRANTED; WRIT ISSUED.
WELCH, P.J., and KELLUM and BURKE, JJ., concur. JOINER, J., concurs specially, with opinion. WINDOM, J., dissents, with opinion.

. The basis for this misdemeanor charge was that Patterson allegedly engaged in reckless conduct by "driving behind [the victim] at a high rate of speed as if to run her off the road.” After a bench trial in the district court, Judge Angela Terry found Patterson "not guilty.”

. The federal statute provides that the "rebut-table presumption” arises only when the accused has been charged with a new felony.

. We realize that "[a] verdict of acquittal is not an affirmative finding of innocence or that all of the accused's testimony is true, but it is merely a declaration that the jury was not satisfied beyond a reasonable doubt about the defendant’s guilt.” 23A C.J.S. Criminal Law § 1903 (2010). However, we do not believe that the law applicable to probation-revocation proceedings applies in this case. We have stated: "By virtue of the different burdens of proof placed on the State in probation revocation hearings, it is quite possible that probation may be revoked based on a set of facts where a criminal conviction based on the same set of facts cannot stand. '[A] proceeding to revoke probation is not a criminal prosecution....'” Carlton v. State, 507 So.2d 998, 1002 (Ala.Crim.App.1986). A probation-revocation proceeding is a postconviction proceeding, i.e., it occurs after conviction and sentence. Here, Patterson stands convicted of no offense, and he, under the law, is presumed innocent of the attempted-murder charge.